Jerry **ROSAS** and Shannon Rosas, Appellants,

v.

Elizabeth **HATZ** and Benchmark Realty, Appellees.

No. 10–01–00214–CV.

Court of Appeals of Texas, Waco.

Aug. 25, 2004.

John O'Herren, Sheehy, Lovelace & Mayfield, Waco, for appellants.

Nick R. Bray, Waco, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

This appeal arises from the sale of a house. The buyers brought suit against the realtor, and the trial court granted summary judgment in favor of the realtor. Because we find genuine issues of material fact exist regarding essential elements of some of the buyers' causes of action, we reverse in part and affirm in part the trial court's judgment.

## BACKGROUND

Dr. and Mrs. Glenn Rose listed their house for sale through realtor Elizabeth Hatz, doing business as Benchmark Realty. At this time, the Roses were renting their house to Pam Taylor. Jerry and Shannon Rosas learned of the Roses' home while dealing with Hatz regarding the sale of their own house. The Rosases purchased the property from the Roses in November 1999. Hatz provided the Rosases with a Seller's Disclosure Statement signed by Hatz and the Roses. The Rosases contend that shortly after moving into the home, they discovered undisclosed electrical and plumbing problems. Mrs. Rosas claims that after the discovery, she spoke with Taylor, who informed her that Hatz knew about the problems with the house.

The Rosases brought suit against the Roses and Hatz for breach of contract, negligent misrepresentation, fraud, and violations of the Texas Deceptive Trade Practices Act (DTPA). Hatz filed a motion for summary judgment raising both no-evidence and traditional grounds. The trial court granted summary judgment in favor of Hatz without specifying the basis of its ruling. In addition, it severed all claims against Hatz from the pending suit, making the judgment final.

In four issues, the Rosases argue that the trial court erred in: (1) granting Hatz's motion for summary judgment because her motion did not identify the specific causes of action or elements on which summary judgment was sought; (2) sustaining Hatz's objections to the Rosases' summary judgment evidence; (3) granting summary judgment because fact issues exist; and (4) denying the Rosases' motion for new trial.

## LACK OF SPECIFICITY IN HATZ'S MOTION

In the Rosases first issue, they argue that the trial court erred in granting Hatz's motion for summary judgment because it was not sufficiently specific as required by the Texas Rules of Civil Procedure. Tex.R. Civ. Pro. 166a(c), (i). Hatz's motion raises both traditional and no-evidence summary judgment claims, therefore we will review under the requisite standard required for each. *Id.* When a traditional summary judgment is attacked on specificity grounds, the non-movant must specially except to the motion's lack of specificity in its response. *McConnell v. Southside Independent School Dist.,* 858 S.W.2d 337, 342–43 (Tex. 1993); *Protective Life Ins. Co. v. Russell,* 119 S.W.3d 274, 285 (Tex.App.-Tyler 2003, pet. denied); *Dyegard Land Partnership*

*v. Hoover,* 39 S.W.3d 300, 307 n. 4 (Tex. App.-Fort Worth 2001, no pet.).

■ The Rosases excepted to the lack of specificity in their response to Hatz's motion. Nevertheless, the Rosases did not preserve this issue for appeal, because they did not obtain a ruling on their objection. We have recently held that we will not infer a ruling on a special exception based only upon the trial court's disposition of the summary judgment motion standing alone.[1] *Watson v. Dallas Independent School Dist.,* 135 S.W.3d 208, 227–29 (Tex.App.-Waco, 2004, no pet.); *Allen v. Albin,* 97 S.W.3d 655, 662–63 (Tex.App.-Waco 2002, no pet.) (refusing to imply a ruling on a party's objections to summary judgment evidence); *see also, Well Solutions, Inc. v. Stafford,* 32 S.W.3d 313, 316 (Tex.App.-San Antonio 2000, no pet.); *Dolcefino v. Randolph,* 19 S.W.3d 906, 925–27 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *see contra, Blum v. Julian,* 977 S.W.2d 819, 823–24 (Tex.App.-Fort Worth 1998, no pet.). The excepting party must obtain an explicit ruling. Because the Rosases failed to do so, they did not properly preserve this issue for appeal. We overrule the Rosases' first issue.

## EXCLUSION OF SUMMARY JUDGMENT EVIDENCE

■ The Rosases argue in their second issue that the trial court erred in excluding portions of their evidence brought forth in response to Hatz's motion for summary judgment. We review the exclusion of evidence under an abuse-of-discretion standard. *Ash v. Hack Branch Distributing Co., Inc.,* 54 S.W.3d 401, 409 (Tex. App.-Waco 2001, pet. denied). Even if error, a reversal of the judgment is not required unless the complaining party demonstrates that the error probably caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1(a)(1); *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995); *Spradlin v. State* 100 S.W.3d 372, 383 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (bond forfeiture proceeding against surety). To be successful, the complaining party must usually demonstrate that the judgment turns on the evidence that was excluded. *Alvarado,* 897 S.W.2d at 753–54.

In response to Hatz's motion for summary judgment, the Rosases offered Hatz's deposition testimony. During Hatz's deposition testimony, Hatz's attorney objected to the form of certain questions. At the summary judgment hearing, Hatz's attorney specifically complained that the questions were a mischaracterization of Hatz's previous testimony. Hatz then argued to the trial court that his deposition objections should be sustained. The trial court sustained Hatz's objections, excluded the pertinent testimony, and did not consider the excluded testimony in its analysis of the summary judgment issue.

■ Because the questions Hatz objected to are a slight mischaracterization of previous testimony, we find that the court did not abuse its discretion in excluding the testimony. Furthermore, if we were to find an abuse of discretion, the error would probably not have caused the rendition of an improper judgment. *Alvarado,* 897 S.W.2d at 753. Evidence consisting of virtually the same testimony as that excluded is found elsewhere in the deposition. We overrule the Rosases' second issue.

## SUMMARY JUDGMENT

■ The Rosases argue in their third issue that the trial court erred in granting

---

1. *Watson v. DISD* discusses the split of the courts of appeals on this issue. *Watson,* 135 S.W.3d at 227–29.

summary judgment in favor of Hatz because fact issues exist as to Hatz's liability. We review the decision to grant or deny a summary judgment motion de novo. *See Rucker v. Bank One Texas, N.A.,* 36 S.W.3d 649, 653 (Tex.App.-Waco 2000, pet. denied). When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. *Larsen v. Carlene Langford & Assocs., Inc.,* 41 S.W.3d 245, 249 (Tex. App.-Waco 2001, pet. denied) (quoting *Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995)). The function of summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

Hatz's motion for summary judgment raises both no-evidence and traditional summary judgment claims. Tex.R. Civ. P. 166a(c), (i).

### Standard of Review

We apply the same standard in reviewing the grant or denial of a no-evidence summary judgment motion as we would in reviewing a directed verdict. *Ash,* 54 S.W.3d at 413. We review the summary judgment evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* A no-evidence motion will be defeated if more than a scintilla of probative evidence exists to raise a genuine issue of material fact on the element challenged by the movant. *Id.* More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Allen,* 97 S.W.3d at 659.

The standard of review for a traditional summary judgment is well established. *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to the summary judgment as a matter of law. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Ash,* 54 S.W.3d at 413. The reviewing court must accept all evidence favorable to the non-movant as true. *Nixon,* 690 S.W.2d at 549; *Ash,* 54 S.W.3d at 413. Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in its favor. *Grinnell,* 951 S.W.2d at 425; *Ash,* 54 S.W.3d at 413. The non-movant need not respond to the motion for summary judgment unless the movant meets its burden of proof. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222–23 (Tex.1999). But if the movant meets its burden of proof, the non-movant must present evidence to raise a fact issue. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

### Analysis

Hatz contended in the no-evidence portion of her summary judgment motion that the Rosases can produce no evidence that she made an affirmative misrepresentation, that she withheld material information, or that she had a contractual relationship with the Rosases. Hatz contended in the traditional portion of the motion that she conclusively established her entitlement to judgment on each of these issues.

### *Affirmative Misrepresentations*

■ A negligent misrepresentation claim requires that the defendant make a false representation. *Fed. Land Bank Ass'n. v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991). While a broker has no duty to inspect the property and disclose all facts which might affect its value or desirability, one who knows all the facts and provides false information, or one who makes a partial disclosure and conveys a false im-

pression, may be liable for negligent misrepresentation. *See Hagans v. Woodruff*, 830 S.W.2d 732, 736 (Tex.App.-Houston [14th Dist.] 1992, no writ) (citing *Kubinsky v. Van Zandt Realtors*, 811 S.W.2d 711, 715 (Tex.App.-Fort Worth 1991, writ denied)); *Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). Fraud and DTPA claims also require a false representation. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001); Tex. Bus. & Com.Code Ann. § 17.46(a) & (b) (Vernon Supp.2004).

■ The Rosases claim that Hatz told Mrs. Rosas that the house had been "partially re-wired" and the plumbing "replaced or redone" and that this constitutes an affirmative misrepresentation due to the wiring and plumbing problems discovered afterwards.

In response to Hatz's no-evidence summary judgment motion, the Rosases produced evidence that included Hatz's deposition testimony. Hatz stated that, before the Rosases closed on the home, she had a conversation with the previous renter of the house, Pam Taylor. Taylor told Hatz that "her water bills were high and she thought there was a leak." The Rosases also point to Mrs. Rosas's deposition testimony in which she recounts her conversation with Taylor. Taylor told Mrs. Rosas that she and Hatz had discussed "all the problems with the house" and that Hatz knew "all about the problems."

Hatz's representation to Mrs. Rosas that the house had been re-wired and the plumbing "redone" gives rise to a reasonable inference that any problems with the house had been fixed. This statement, in combination with the evidence that Taylor told Hatz of a leak in the home, creates a fact issue as to whether Hatz's statements were affirmative representations of false information. Given this evidence, we find

there is more than a scintilla of evidence that Hatz made affirmative misrepresentations. Therefore, we find that the court erred in granting Hatz's no-evidence summary judgment motion. *Ash*, 54 S.W.3d at 413.

In support of her traditional summary judgment motion, Hatz points to certain evidence in her attempt to conclusively establish that she did not make affirmative misrepresentations concerning the electrical and plumbing conditions of the house to the Rosases. Specifically, Hatz points to Mrs. Rosas's deposition testimony in which she testifies that "[Hatz] told me, I believe, that the house had been partially rewired" and that the plumbing had been "replaced" or "redone." Hatz claims that this statement was not an affirmative misrepresentation because she was relying on information given to her by Dr. Rose. Hatz testified in her deposition that when she relayed her conversation with Taylor to Dr. Rose, he indicated that there were problems in the past, but "he thought that it was fixed."

While this evidence supports Hatz's contention that she did not make affirmative misrepresentations, it does not conclusively establish the proposition. The evidence in response to Hatz's no-evidence motion is enough to create a fact issue as to whether false representations were made. The same evidence precluding a no-evidence summary judgment precludes granting a traditional summary judgment against the Rosases on the same issue. *Burns v. Baylor Health Care System*, 125 S.W.3d 589, 600 (Tex.App.-El Paso 2003, pet. filed). Thus, Hatz is not entitled to judgment as a matter of law that she did not make affirmative misrepresentations.

*Material Information Withheld*

■ Fraud and DTPA claims allow for liability when material information is with-

held. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex.1986); Tex. Bus. & Com.Code Ann. § 17.46(b)(24). Hatz is liable only for her own misrepresentations, and not for any misrepresentations of the Roses, unless she knew of their falsity, had a duty to disclose it, and failed to disclose it. *See Steptoe v. True*, 38 S.W.3d 213, 217 n. 6 (Tex.App.-Houston [14th Dist.] 2001, no pet.); Tex.Rev.Civ. Stat. Ann. art. 6573a § 15F (Vernon 2003). Thus, before Hatz's silence can be a misrepresentation, the Rosases must show some evidence of Hatz's actual knowledge of the leaky plumbing. *See Steptoe*, 38 S.W.3d at 217 n. 6; *see also Kelly v. LIN Television of Tex., L.P.*, 27 S.W.3d 564, 572 (Tex.App.-Eastland 2000, pet. denied) (citing *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156 (Tex.1995)).

■ The evidence recounted in the analysis of the affirmative misrepresentations also precludes Hatz's traditional and no-evidence summary judgment motion on whether she withheld material information. Mrs. Rosas's testimony that Taylor discussed all the problems of the house with Hatz, and Hatz's testimony that Taylor told her of a possible leak raises fact issues as to whether Hatz knew of the plumbing problems. Mrs. Rosas testified that Hatz did not disclose the information regarding a leak, but instead told the Rosases that the plumbing had been "redone." We find this is more than a scintilla of evidence that Hatz withheld material information from the Rosases. Therefore, the court erred in sustaining Hatz's no-evidence summary judgment motion.

In support of her traditional motion, Hatz refers to her deposition testimony where she indicated that at the time the Rosases closed on the house she was unaware of any "leak" in the plumbing. Hatz stated that Dr. Rose had told her he had spent approximately eight hundred dollars fixing the plumbing, that he had no complaints since, and that he thought the problem was "fixed." She also walked through the house and stated, "I didn't see anything that indicated a leak...."

This evidence while persuasive is not conclusive. Indulging every reasonable inference from the evidence in favor of the nonmovants and resolving any doubts in their favor, we hold that a fact issue exists as to whether Hatz knew of problems with the home and withheld that information.

*Breach of Contract*

The Rosases do not raise any arguments concerning fact issues on their breach-of-contract claim. The entire substance of issue three discusses fact issues as to the elements of misrepresentation.

Accordingly, we sustain the Rosases' third issue as to the fraud, negligent misrepresentation and DTPA claims and overrule it as to the breach-of-contract claim.

**CONCLUSION**

Because of our disposition of issue three, we need not address the Rosases' fourth issue. We affirm the judgment regarding the breach-of-contract claim. We reverse the judgment regarding the Rosases' negligent misrepresentation, fraud, and DTPA claims and remand this cause to the trial court for further proceedings consistent with this opinion. *See Ash*, 54 S.W.3d at 419.