**NATIONAL ENTERPRISE, INC., Appellant,**

v.

**E.N.E. PROPERTIES, et al., Appellees.**

**No. 10–03–00372–CV.**

Court of Appeals of Texas, Waco.

March 23, 2005.

by lay opinion testimony. Rather, they proffered Condra as an expert.

Charles W. Blount, Smith Underwood & Perkins, Dallas, for appellant.

J. David Dickson, Beard, Kultgen, Brophy, Bostwick & Dickson, L.L.P., Waco, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

National Enterprise, Inc., appeals from an order granting summary judgment in favor of E.N.E. Properties and others (ENE)[1]. Because we find that National Enterprise is not entitled to assert a six-year statute of limitations available to successors-in-interest of the Resolution Trust Corporation, we affirm.

### Background

ENE signed and delivered to the Resolution Trust Corporation (RTC) a real estate lien note and a deed of Trust encumbering several parcels of real estate in McLennan County. Subsequently, the RTC assigned its interest in the note and deed of trust to National Enterprise. Because ENE defaulted on the note, National

---

1. Other parties include Bedford D. Edwards, Joyce H. Edwards, Galen B. Edwards, Cathy Edwards, Elaine E. Nelson, David Nelson, and Bedford D. Edwards as Trustee. These individuals were partners in E.N.E. Properties, currently a dissolved partnership.

Enterprise foreclosed on the properties securing the note, but the amount realized was insufficient to satisfy the outstanding obligation. Four and a half years later, National Enterprise filed suit against ENE to collect the deficiency. ENE filed a traditional motion for summary judgment claiming that the suit was barred by the statute of limitations. The trial court granted ENE's motion for summary judgment.

On appeal, National Enterprise argues that the trial court erred in (1) granting ENE's motion for summary judgment because issues of material fact exist; (2) granting ENE's motion for summary judgment because the suit was filed within the applicable statute of limitations; (3) awarding attorney fees to ENE based upon their request for a declaratory judgment; and (4) denying its motion for summary judgment.

## Late–Filed Summary Judgment Evidence

ENE argues that because National Enterprise filed its amended summary judgment evidence late, this evidence is not properly before us. Shortly after the summary judgment hearing, National Enterprise filed its first amended petition, first amended motion for summary judgment, and a supplemental affidavit introducing new evidence.

Summary judgment evidence must be filed twenty-one days before the hearing, unless the party obtains leave of court to file afterward. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *VICC Homeowners' Assn., Inc. v. Los Campeones, Inc.*, 143 S.W.3d 832, 837 (Tex.App.-Corpus Christi 2004, no pet.). When nothing appears in the record to indicate that leave of court was obtained, it is presumed that the trial court did not consider the late-filed evidence. *Bench-*

*mark Bank*, 919 S.W.2d at 663; *VICC Homeowners' Assn.*, 143 .S.W.3d at 837. The record before us does not indicate that National Enterprise obtained leave of court, nor does National Enterprise dispute ENE's claim that no permission was given. Therefore, National Enterprise's evidence is not part of the summary-judgment record, and we will not consider it. *See Alaniz v. Hoyt*, 105 S.W.3d 330, 339 (Tex.App.-Corpus Christi 2003, no pet.).

## ENE's Motion for Summary Judgment

National Enterprise argues in its first and second issues that the trial court erred in granting ENE's traditional motion for summary judgment because issues of material fact exist and because the statute of limitations has not expired.

We review the decision to grant or deny a summary judgment motion *de novo*. *See Rosas v. Hatz*, 147 S.W.3d 560, 563–64 (Tex.App.-Waco 2004, no pet.); *Rucker v. Bank One Tex., N.A.*, 36 S.W.3d 649, 653 (Tex.App.-Waco 2000, pet. denied). When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. *Larsen v. Carlene Langford Assocs., Inc.*, 41 S.W.3d 245, 249 (Tex.App.-Waco 2001, pet. denied) (quoting *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995)).

The standard of review for a traditional summary judgment is well established. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to the summary judgment as a matter of law. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Rosas*, 147 S.W.3d at 564. The reviewing court must accept all evidence favorable to the non-movant as true. *Nixon*, 690 S.W.2d at 549; *Rosas*, 147 S.W.3d at 564. Every rea-

sonable inference must be indulged in favor of the non-movant and all doubts resolved in its favor. *Grinnell,* 951 S.W.2d at 425; *Rosas,* 147 S.W.3d at 564.

National Enterprise argues that under federal law, the RTC is subject to a six-year statute of limitations in regards to any action brought by the RTC. 12 U.S.C.A. § 1821(d)(14(A)(i)(I) (West 2001)). Therefore as an assignee of the RTC, National Enterprise argues that it is entitled to assert the six-year limitations period. ENE agrees that assignees of the RTC may assert a six-year limitations period, but only if the cause of action accrues before the assignment, when the RTC was still the holder of the note.

■ It is well settled that an assignee of the FDIC may assert the six-year statute of limitations as a successor of the FDIC. *Jackson v. Thweatt,* 883 S.W.2d 171, 178 (Tex.1994). However, the Texas Supreme Court has held that whether an assignee of the FDIC can invoke the six-year limitations period depends upon when the underlying cause of action accrues. *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 574 (Tex.2001). In deciding *Wolf,* the Court relied upon two federal circuit cases denying successors of the FDIC the right to claim the six-year statute of limitations when default on the note occurred after the FDIC assigned it. *Id.* at 572–73 (citing *Beckley Capital Ltd. Partn. v. DiGeronimo,* 184 F.3d 52, 58 (1st Cir.1999); *Cadle Co. v. 1007 Jt. Venture,* 82 F.3d 102, 106 (5th Cir.1996)).

Therefore, because the RTC has "the same powers and rights to carry out is duties ... as the [FDIC] has under ... 12 U.S.C. § 1821," the question is when did National Enterprise's cause of action accrue? 12 U.S.C.A. § 1441a (B)(4)(A) (West 2001); *Wolf,* 44 S.W.3d at 574; *see also Hawk v. E.K. Arledge, Inc.,* 107 S.W.3d 79, 82–83 (Tex.App.-Eastland 2003, pet. denied).

National Enterprise argues that the note was in default while it was still in the possession of the RTC. ENE argues that the note was in default after assignment because in National Enterprise's pleadings it lists the transaction between itself and the RTC, and then states, "Defendants subsequently defaulted on the note." ENE also points to the affidavit of Chadwic Gifford, submitted by National Enterprise, which discusses the assignment of the note from the RTC, and then states, "Defendants subsequently defaulted on the note." However, according to the reasoning in *Wolf,* the issue is not when the note was in default, but when the cause of action for the deficiency accrued. *Wolf,* 44 S.W.3d at 574.

Wolf acquired the debtor's note from a long line of successors, the first of which was the FDIC. *Id.* at 565. The first successor-in-interest immediately after the FDIC accelerated the note. *Id.* Once Wolf acquired the note, he initiated foreclosure proceedings against the debtor. *Id.* The debtor claimed that a four-year statute of limitations precluded foreclosure. *Id.*; TEX. CIV. PRAC. & REM.CODE ANN. 16.035(b) (Vernon 2002). Wolf argued that because the note was in default while in the possession of the FDIC, he was entitled to assert the six-year statute of limitations. *Id.* at 566. The Texas Supreme Court acknowledged that the two federal circuit cases they relied upon used "default" as the triggering event for the six-year limitations period, but rationalized that "it is clear from their reasoning that these courts rely on the default date only to the extent that it was synonymous with the accrual date in those cases." *Id.* at 574. The Court found that the accrual date for the foreclosure action did not occur when the debtor defaulted but when a subse-

quent successor of the FDIC accelerated the note. *Id.* Because Wolf's cause of action accrued after the assignment from the FDIC, the Court held that the six-year statute of limitations did not apply. *Id.*

National Enterprise's cause of action is a claim of deficiency after a foreclosure sale. Section 51.003 of the Texas Property Codes states:

(a) If the price at which real property is sold at a foreclosure sale under Section 51.002 is less than the unpaid balance of the indebtedness secured by the real property, resulting in a deficiency, any action brought to recover the deficiency must be brought within two years of the foreclosure sale and is governed by this section.

TEX. PROP.CODE ANN. § 51.003 (Vernon 1995).

■ National Enterprise's cause of action for a deficiency after the foreclosure accrued at the time of the foreclosure sale, indisputably occurring while National Enterprise was in possession of the note. Therefore, National Enterprise is not entitled to assert the six-year statute of limitations, and the two-year limitations period applies. *See Wolf,* 44 S.W.3d at 574; TEX. PROP.CODE § 51.003. National Enterprise brought this cause of action four and a half years after the foreclosure sale. Consequently, its suit is barred by the statute of limitations, and the trial court did not err in granting ENE's motion for summary judgment. Accordingly, National Enterprise's first and second issues are overruled.

### Declaratory Judgment and Attorney's Fees

National Enterprise argues in its third issue that the trial court erred in awarding attorney fees to ENE based upon its counterclaim for a declaratory judgment.

In its answer, ENE requested a declaratory judgment that there was no deficiency from the foreclosure sale. Later in its motion for summary judgment, ENE argued that because it requested a declaratory judgment, it was entitled to reasonable attorney's fees. When the court granted ENE's motion for summary judgment, it awarded ENE $9,500.00 in attorney's fees.

■ A trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just" in a declaratory judgment proceeding. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). The grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent an abuse of discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985); *McMillan v. Dooley,* 144 S.W.3d 159, 186 (Tex.App.-Eastland 2004, no pet.). However, the Declaratory Judgment Act is not available to settle disputes already pending before the court. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990); *Anderson v. New Property Owners' Ass'n of Newport, Inc.,* 122 S.W.3d 378, 390–91 (Tex.App.-Texarkana 2003, pet. denied); *Brush v. Reata Oil and Gas Corp.,* 984 S.W.2d 720, 730 (Tex.App.-Waco 1998, pet. denied). A counterclaim based on the Declaratory Judgment Act must state a claim for affirmative relief. *Millard,* 800 S.W.2d at 841, n. 8. A claim for affirmative relief is stated if the counterclaim alleges a cause of action independent of the plaintiff's claim. *Id.* at 841.

■ ENE's request for declaratory judgment involves the same parties and the same issues. *Anderson,* 122 S.W.3d at 391. National Enterprise asserts there is a deficiency, and in the counterclaim ENE's requests a declaratory judgment that there is no deficiency. ENE does not present any issue beyond that asserted by

National Enterprise, nor does it seek a declaration as to the parties' ongoing relationship. *Id.* The request for declaratory judgment is merely a denial of National Enterprise's cause of action. *Millard,* 800 S.W.2d at 841.

■ A declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute. *Breitenfeld v. SAS Institute, Inc.,* 147 S.W.3d 672, 679–80 (Tex.App.-Dallas 2004, no pet.); *Southwest Guar. Trust Co. v. Hardy Road 13.4 Jt. Venture,* 981 S.W.2d 951, 956 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). Therefore, we find the trial court abused its discretion in awarding attorney's fees to ENE. *Breitenfeld,* 147 S.W.3d at 680 ("attorney's fees are not authorized where a counterclaim requests a declaratory judgment that is the mirror image of a claim already asserted by an adversary in the suit"). Accordingly, we sustain National Enterprise's third issue.

### Conclusion

Because National Enterprise's first, second, and third issues are dispositive of this case, we need not consider its other issue. Because we sustained National Enterprise's third issue, we modify the judgment by deleting the portion awarding $9,500.00 in attorney's fees to ENE, and affirm the judgment as modified.