Opinion Issued November 15, 2007











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00093-CV
____________

MUSTANG SECURITY AND INVESTIGATIONS, INC., and 
MARILYN WACHEL, Appellants

V.

ALPHA & OMEGA SERVICES, INC., Appellee




On Appeal from the 80th District Court of 
Harris County, Texas
Trial Court Cause No. 2002-61805




MEMORANDUM OPINION
            Mustang Security and Investigations, Inc. (“Mustang”), and Marilyn Wachel
(“Wachel”)


 appeal the trial court’s grant of summary judgment on their
counterclaims against Alpha & Omega Services, Inc. (“A&O”). We consider whether
Mustang asserted a claim for affirmative relief and whether Wachel raised a genuine
issue of material fact. Concluding that neither did, we affirm the trial court’s
judgment.
Background
          A&O contracts with its customers to provide private security services,
including horse-mounted patrol for businesses. Mustang provides the same or similar
services to its customers. Mustang hired Wachel as its operations manager shortly
after her employment with A&O had ceased. Wachel had been employed by A&O
from 1993 until A&O terminated her employment in 2002. A&O filed suit against
Wachel, alleging violations of a non-compete agreement signed by Wachel during her
tenure with A&O. After the trial court determined that the non-compete agreement
was unenforceable, A&O voluntarily dismissed its suit. 
          A&O filed a new suit against Mustang and Wachel and added additional
Mustang employees who had previously worked for A&O, asserting breach of
contract, breach of fiduciary duty, misrepresentation, tortious interference with
contractual and business relations, misappropriation of trade secrets, and conspiracy. 
A&O subsequently nonsuited all defendants except Mustang and Wachel. 
          Wachel and Mustang each filed counterclaims. Wachel asserted that A&O 
breached a salary agreement arising from a promotion that she had received while
employed by A&O. The details of Wachel’s new position were memorialized in a
memorandum dated February 27, 2001, which read as follows:
INTEROFFICE MEMORANDUM
          TO:              MARILYN WACHEL
          FROM:        JOHN DE ROUEN (initials [hand-written])
          RE:              SALARY AGREEMENT FOR YEAR 2001
          DATE         FEBRUARY 27, 2001
I enjoyed meeting with you last week and look forward to working with
you in 2001. To recap our discussion on wages and rank, please
acknowledge the following:
 
1.Initial salary of $36,000 per year (to be reviewed in six months)
2.A work week of not less than forty (40) hours at five (5)
days/week. Anything in excess of 40 hours/5 days will be
decided by you. (This includes a minimum of 12 hours per week
of [scratched out]) billable riding. (participation at my discretion. 
mew [hand-written]) 
3.A promotion to the rank of Lieutenant and a rank review in six
weeks.
4.A bonus system to be developed in the next sixty (60) days based
on filling schedules and postings.
 
Please acknowledge agreement and return executed copy with
original signature to our office. Keep one copy for your own files.
***
I acknowledge aned [sic] agree to the above.
 
 [signed] 3-08-01 
Marilyn Wachel Date

          “Shortly thereafter,”


 A&O advised Wachel that her new position was being
eliminated. Wachel was not terminated at that time, but was reassigned, working
fewer hours and earning less money than previously agreed upon. Wachel
nevertheless continued to work under the new conditions until, in late April of 2002,
A&O terminated Wachel’s employment. Wachel’s counterclaim alleged a breach
based on her demotion and subsequent employment termination. 
           Mustang filed a counterclaim against A&O, seeking a declaratory judgment
that the non-compete agreements signed by A&O’s employees were invalid. Further,
Mustang sought a declaration that A&O had no trade secrets that could be
misappropriated. In response, A&O filed a general denial and special exceptions to
the declaratory judgment action, asserting that it was duplicative of the controlling
issues in A&O’s petition. No hearing was held, and no ruling was obtained on the
special exceptions.
          A&O filed a motion for summary judgment on both Mustang’s and Wachel’s
counterclaims. A&O asserted that Wachel’s employment was an at-will relationship
and that the memorandum on which Wachel relied to assert her claims was not an
enforceable employment contract. A&O asserted that Mustang’s claims were
redundant of issues already before the trial court and that its counterclaim did not
assert a claim for affirmative relief. 
          Mustang filed a First Amended Original Counterclaim along with its response
to A&O’s summary judgment motion clarifying that it sought declaratory relief not
only as to A&O’s “existing covenants not to compete . . . but [also as to] all A&O’s
covenants not to compete executed by former and existing A&O employees and
contractors which have not expired or otherwise been declared valid or invalid.” 
Mustang also attempted to broaden the declaratory action by requesting a judicial
declaration “that all of the business of A&O, as it concerns mounted patrol and other
security related services, including any procedure, method, technique, design, records,
customer lists, and other information that A&O claims are trade secrets are not, in
fact, trade secrets, as that term is defined in law, nor are such confidential, unique or
proprietary and that such are not entitled to protection by law.” 
          On September 19, 2005, A&O filed a reply indicating that Mustang’s attempt
to defeat A&O’s summary judgment motion by merely broadening the scope of its
requested declarations should be rejected by the Court. A&O contended that
Mustang’s declaratory action remained redundant of A&O’s claims and, to the extent
that Mustang tried to seek additional affirmative relief, such claims were
impermissibly seeking an advisory opinion under the Uniform Declaratory Judgment
Act. 
          After considering the parties’ pleadings and oral arguments, the trial court
granted A&O’s summary judgment motions and dismissed Wachel’s and Mustang’s
counterclaims. Subsequently, the trial court granted A&O’s non-suit of its entire
case. Wachel and Mustang seek review of the dismissal of their counterclaims. Standard of Review
          We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Traditional summary judgment is proper only
when the movant establishes that there is no genuine issue of material fact and that
the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). The
motion must state the specific grounds relied upon for summary judgment. Id. In
other words, we will not affirm a summary judgment on a ground not included in the
motion for summary judgment. Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex.
1992). In reviewing a traditional summary judgment, we must indulge every
reasonable inference in favor of the nonmovant, take all evidence favorable to the
nonmovant as true, and resolve any doubts in favor of the nonmovant. Valence, 164
S.W.3d at 661.
          When, as here, a summary judgment does not specify the grounds on which it
was granted, we will affirm the judgment if any one of the theories advanced in the
motion is meritorious. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157
(Tex. 2004). Declaratory judgments decided by summary judgment are reviewed
under the same standards of review that govern summary judgments generally. 
Lidawi v. Progressive County Mut. Ins. Co., 112 S.W.3d 725, 730 (Tex.
App.—Houston [14th Dist.] 2003, no pet.); see Tex. Civ. Prac. & Rem. Code Ann.
§ 37.010 (Vernon 1997).
Mustang’s Counterclaim
A. Did Mustang assert claims for relief beyond those asserted by A&O? 
          A&O moved for summary judgment against Mustang’s counterclaim on the
sole basis that Mustang sought relief that was redundant of issues already before the
trial court and did not qualify as claims for affirmative relief. In its first issue,
Mustang complains that the trial court erred in granting summary judgment because
Mustang’s claims were supportable independent of A&O’s original petition. 
          The “Declaratory Judgment Act is not available to settle disputes
alreadypending before a court,” and it cannot be used as a vehicle for defendants to
obtain attorney’s fees merely for resisting the plaintiff’s right to recover. BHP
Petroleum Co. v. Millard, 800 S.W.2d 838, 841 (Tex. 1990); HECI Exploration Co.
v.ClajonGas Co., 843 S.W.2d 622, 638–39 (Tex. App.—Austin 1992, writ denied). 
The Texas Supreme Court carved out an exception to this rule applicable when the
counterclaim seeks a true declaration of an ongoing and continuing relationship and
when the counterclaim asserts relief having “greater ramifications” than the original
suit. Anderson v. New Prop Owners’ Ass’n of Newport, Inc., 122 S.W.3d 378,
390–91 (Tex. App.—Texarkana 2003, no pet.). 
          “A counterclaim has greater ramifications than the original suit if it seeks
affirmative relief.” Howell v. Mauzy, 899 S.W.2d 690, 706 (Tex. App.—Austin 1994,
writ denied). To state a claim for affirmative relief, a defendant must allege a cause
of action “independent of the plaintiff’s claim on which the defendant could recover
benefits, compensation, or relief, even if the plaintiff were to abandon or fail to
establish his cause of action.” Gen. Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569,
570 (Tex. 1990). For example, in the context of suits asserting breaches of contracts
or deeds, declaratory counterclaims seeking construction of such instruments may
constitute claims for affirmative relief because, in contrast to a “one-time occurrence”
giving rise to the plaintiff’s suit, they concern the parties’ ongoing and future
relationship. BHP Petroleum Co., 800 S.W.2d at 840–42; Indian Beach Prop.
Owners’ Ass’n v. Linden, 222 S.W.3d 682, 702 (Tex. App.—Houston [1st Dist.]
2007, no pet.).
          Mustang relies on BHP Petroleum Co. v. Millard to support its assertion that
its counterclaim has greater ramifications than A&O’s original petition’s claims. In
BHP Petroleum, the plaintiff sued the defendant for breach of the “take-or-pay”
obligations of a gas purchase contract. Id. at 842. The defendant counterclaimed,
seeking a declaratory judgment “[t]hat events have occurred which constitute force
majeure, as the parties agreed to define the term, or other causes not reasonably
within the control of ANR and its customers, which have affected and will continue
for the foreseeable future to affect ANR’s takes of natural gas under the Contracts.
. . . ” Id. (emphasis in original). The court held that because the gas purchase
contract was an ongoing and continuing relationship, the defendant’s counterclaim
for a declaratory judgment was a cause of action on which the defendant could
recover benefits, compensation, or relief if the plaintiff abandoned or failed to
establish its causes of action. Id. The defendant’s counterclaim sought an
interpretation of the gas purchase contract, which would have the effect of defining
the obligations of the parties under that contract in the future. Id.  
          The parties in BHP Petroleum had a continuing, contractual relationship, and
the defendant’s declaratory judgment action asked for a declaration interpreting
provisions of the contract and declaring the respective rights and obligations of the
parties under their continuing contract. Id. at 840; see also Indian Beach Prop.
Owners’ Ass’n, 222 S.W.3d at 702 (holding that, although counterclaim appeared to
be nothing more than denial of plaintiff’s cause of action, “because it involves the
interpretation of deed restrictions, [the defendants] . . . stated a cause of action on
which they could recover benefits, compensation, or relief if [the plaintiff] abandoned
or failed to establish its cause of action.”). 
           In this case, there is no contract between Mustang and A&O and no evidence
that the parties are engaged in a continuing relationship. Because there is no on-going relationship, resolution of some future dispute through a declaratory judgment
would not have been proper. See Nat’l Enter., Inc. v. E.N.E. Props., 167 S.W.3d 39,
43–44 (Tex. App.—Waco 2005, no pet.); Howell v. Mauzy, 899 S.W.2d 690, 707
(Tex. App.—Austin 1994, writ denied); HECI Exploration Co., 843 S.W.2d at 639;
John Chezik Buick Co. v. Friendly Chevrolet Co., 749 S.W.2d 591, 594 (Tex.
App.—Dallas 1988, writ denied); see also Newman Oil Co. v. Alkek, 614 S.W.2d 653,
653–55 (Tex. Civ. App.—Corpus Christi 1981, writ ref’d n.r.e.). Thus, any
declarations sought by Mustang beyond those pleaded by A&O were not the proper
subject of a declaratory judgment action. We hold that the trial court err by rendering
summary judgment on the ground that Mustang failed to assert a claim for broader
relief than that sought by A&O. We overrule Mustang’s first issue.
B. Was dismissal with prejudice proper?
          In its second issue, Mustang asserts that the trial court lacked jurisdiction to
dismiss its counterclaims “with prejudice.” Mustang contends that A&O’s assertion
that Mustang failed to assert a claim for affirmative relief is the equivalent of
asserting that Mustang sought a claim over which the trial court lacked jurisdiction. 
Without argument or reference to any authority, Mustang contends that dismissal
should have been for want of jurisdiction and, therefore, without prejudice. 
          Mustang’s second issue is inadequately briefed. See Tex. R. App. P. 38.1(h). 
Furthermore, in its reply brief, Mustang acknowledges that “the mere failure of a
petition to state a cause of action does not show a want of jurisdiction in the court.” 
We overrule Mustang’s second issue.
Wachel’s Counterclaim
          In their third issue, appellants contend that the trial court erred in granting
summary judgment on Wachel’s counterclaim because “Wachel did not sue A&O for
wrongful termination.” In issue four, appellants assert that “Wachel was entitled to
sue A&O for its failure to perform under the Salary Agreement for the duration that
Wachel was an employee.”
          A&O’s motion for summary judgment alleged that Wachel had an at-will
relationship with A&O and that, due to the nature of the employment relationship,
there could be no employment agreement that would “limit the ability of either
employer or employee to terminate the employment at will.” But at-will employees
can contract with their employers on matters that do not affect the at-will nature of
the relationship. Light v. Centel Cellular Co. of Tex., 883 S.W.2d 642, 644 (Tex.
1994). The question, then, is whether Wachel’s agreement affected the at-will nature
of her relationship with A&O. 
          Wachel contends that, as long as she was employed by A&O, she was entitled
to receive the benefits enumerated in the February 27 memorandum. However, even
when a valid employment agreement exists, an employer may modify the agreement
simply by notifying the employee of the change and the employee’s acceptance of the
change. See In re Dillard Dep’t Stores, Inc., 198 S.W.3d 778, 780 (Tex. 2006);
Hathaway v. Gen. Mills, Inc ., 711 S.W.2d 227, 229 (Tex. 1986). If the employee
continues working with knowledge of the changes, then he has accepted them as a
matter of law. Dillard Dep’t Stores, 198 S.W.3d at 780; Hathaway, 711 S.W.2d at
229. 
          The Texas Supreme Court has specifically held that if an employer
unequivocally notifies an employee of a change and the employee continues to work,
even under protest, the employee has accepted the change. See Dillard Dep’t Stores,
198 S.W.3d at 780–81 (holding that employee who refused to sign form
acknowledging new arbitration policy but continued working accepted policy as
matter of law). Wachel did not choose to quit her job with A&O or to pursue legal
remedies for breach of an employment agreement at the time that her job description
changed. See Hathaway, 711 S.W.2d at 229. By continuing to work for A&O,
Wachel accepted the new terms of her employment as a matter of law. See Dillard
Dep’t Stores, 198 S.W.3d at 780; Hathaway, 711 S.W.2d at 229; accord In re Dallas
Peterbilt, Ltd., 196 S.W.3d 161, 163 (Tex. 2006); In re Halliburton Co., 80 S.W.3d
566, 568–69 (Tex. 2002).
          In essence, at the time of her demotion, Wachel was “fired” from the position
to which she previously had been promoted and “re-hired” in a new position. The
terms of the employment agreement did not affect Wachel’s at-will employment
relationship with A&O and, therefore, did not apply to her “new” position. 
Therefore, Wachel failed to raise a genuine issue of material fact in her claim against
A&O. The trial court did not err in rendering summary judgment on Wachel’s
counterclaim. We overrule issues three and four.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Tim Taft
Justice
 
Panel consists of Justices Taft, Hanks, and Higley.