**Affirmed in part; Reversed in part and Remanded; and Memorandum Opinion filed April 25, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00551-CV

---

## SOUTHWEST SUNRISE, LLC, Appellant

## V.

## JOHN GANNON, INC., Appellee

---

### On Appeal from the 295th District Court
### Harris County, Texas
### Trial Court Cause No. 2021-15418

---

## MEMORANDUM OPINION

In this appeal from a final judgment, appellant Southwest Sunrise, LLC primarily argues in the first of its two appellate issues that the trial court erred by granting appellee John Gannon, Inc.'s application for permanent injunction because the evidence was not sufficient to support an injunction on the element of irreparable harm. We agree and reverse the judgment of the trial court as to Gannon's application for permanent injunction.

Southwest argues in its second appellate issue that the trial court's award of attorney's fees to Gannon was improper. Although we agree with Southwest that Gannon was not entitled to an award of attorney's fees under Civil Practice and Remedies Code chapter 38, we disagree that Gannon was precluded from recovery of attorney's fees under Civil Practice and Remedies chapter 37. The trial court's findings of fact and conclusions of law appear to premise recovery of attorney's fees under chapter 38 and do not reference the previous grant of declaratory relief. Because the trial court's award of attorney's fees appears to be premised on an improper legal theory, we reverse the award and remand the case to the trial court for further proceedings limited to the determination of what, if any, award of attorney's fees the trial court determines is equitable and just pursuant to chapter 37. Also in its second issue, Southwest alleges that the award of contingent appellate attorney's fees was not supported by legally- and factually-sufficient evidence. We disagree and affirm the award of appellate attorney's fees as supported by sufficient evidence, but only to the extent that Gannon demonstrates on remand a legal basis supporting its ability to recover attorney's fees.

## I. BACKGROUND

Gannon is the owner of a large outdoor advertising sign (the billboard) located on real property adjacent to the Southwest Freeway in Houston. Gannon began operating the billboard in 1996 pursuant to a lease agreement with the then property owner. In 2019, Southwest purchased the property on which the billboard is located and subject to the lease with Gannon.

The relationship between Gannon and Southwest soured over Gannon's attempts to access and maintain the billboard. Southwest placed fencing around the billboard and made it difficult for Gannon to access the billboard. Southwest also began to dispute the legality of how electrical power was delivered to the billboard,

2

particularly after a winter freeze caused one of the electrical wires to snap and hang down, creating a hazardous condition. As a result, Southwest filed suit in 2021 asserting claims of trespass and seeking injunctive relief. Southwest also requested the power company to remove the meter and cut off electricity. In response, Gannon answered and asserted its own counterclaim for breach of contract, anticipatory breach of contract, and tortious interference. Gannon also pleaded a declaratory-judgment action to declare the rights and obligations of the parties under the lease, specifically that (1) Gannon had the right to access the billboard for the "purpose of maintaining, operating, and providing and restoring power" and (2) Gannon was "allowed to establish power to the [billboard] on the Property through the construction of an above ground power pole." Gannon, in its amended pleadings, requested a permanent injunction against Southwest to prevent Southwest from denying Gannon access to the billboard and from preventing Gannon from maintaining, operating, and providing power to the billboard.

Although Southwest's application for temporary restraining order was denied, the power company removed the pole and line providing electricity to the billboard. The parties disputed whether Southwest was responsible for causing this removal.

After extensive summary-judgment briefing, the trial court granted partial summary judgment on Gannon's declaratory-judgment action, declaring that the lease grants Gannon the right: (1) to access Southwest's property for purpose of maintaining the billboard and (2) to power the billboard through construction of an above-ground power pole.

In 2022, the case was tried to the bench. Just before trial, Southwest dismissed its claims against Gannon so the trial court realigned the parties for a trial on Gannon's claims against Southwest. The trial court rendered judgment in

favor of Gannon, finding that Southwest had breached the lease, and granted Gannon's application for a permanent injunction. The trial court also awarded Gannon damages and attorney's fees, together with pre- and post-judgment interest.

## II. ANALYSIS

### A. Permanent injunction

In issue 1, Southwest argues the trial court abused its discretion by granting the following injunctive relief against Southwest:

> [T]he Court permanently enjoins Sunrise and its respective officers, agents, contractors, partners, affiliates, servants, employees, representatives, attorneys, successors, and assigns, and all persons acting on behalf of, or in concert or participation with any of the foregoing, from denying [Gannon] access to the Property and Sign, or in any way damaging, altering, using, destroying, removing or otherwise interfering with the Sign, including [Gannon's] ability to restore, construct, maintain, and provide power to the Sign through an above ground power line on the Property.

Issue 1 is comprised of two subparts. First, Southwest argues that the permanent injunction is not supported by legally-sufficient evidence. Second, Southwest further argues the permanent injunction is overly broad because it gives Gannon greater rights than the underlying lease.

### 1. Propriety of injunctive relief

An injunction is an equitable remedy that invokes a court's equity jurisdiction. *See* Tex. R. Civ. P. 693 (principles of equity govern proceedings in injunctions); Tex. Civ. Prac. & Rem. Code Ann. § 65.001 (same); *see also In re Gamble*, 71 S.W.3d 313, 317 (Tex. 2002); *Ex Parte Hughes*, 129 S.W.2d 270, 273 (1939). "A trial court's issuance of injunctive relief is reviewable for abuse of discretion." *Operation Rescue-Nat'l v. Planned Parenthood of Hous. & Se. Tex.,*

4

*Inc.*, 975 S.W.2d 546, 560 (Tex. 1998). While equitable relief is within trial-court discretion generally, "the availability of a remedy under the facts alleged is a question of law." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam); *Operation Rescue-Nat'l*, 975 S.W.2d at 560 ("a trial court has no discretion to grant injunctive relief . . . without supporting evidence").

To be entitled to a permanent injunction, a party must prove (1) a wrongful act, (2) imminent harm, (3) an irreparable injury, and (4) the absence of an adequate remedy at law. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 792 (Tex. 2020). However, courts should not enforce contractual rights by permanent injunction unless an aggrieved party can show an inadequate remedy at law and irreparable injury. *Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 487 (Tex. App.— Houston [1st Dist.] 2006, pet. denied) (citing *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ)) If "an adequate remedy at law exists, we agree with the court of appeals that the availability of a legal remedy foreclosed [appellant's] suit for an injunction or specific performance." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 423 (Tex. 2011).

An adequate remedy at law exists and injunctive relief is improper when any potential harm may be "adequately cured by monetary damages." *Ballenger v. Ballenger*, 694 S.W.2d 72, 77–78 (Tex. App.—Corpus Christi–Edinburg 1985, no writ); *see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (discussion of adequate remedy in context of temporary injunction). "A court should not decree future contractual performance by requiring a party to perform a continuous series of acts, extending through a long period of time, over which the court exercises its supervision." *Cytogenix*, 213 S.W.3d at 487 (citing *Canteen Corp.*, 773 S.W.2d at 401). "[A]bsent a significant public interest, parties to a

private contract are left to their remedies at law." *Cytogenix*, 213 S.W.3d at 488 (citing *Canteen Corp.*, 773 S.W.2d at 401).

### 2. Irreparable harm

The trial court, in its findings of fact and conclusion of law, concluded that:

> [Gannon] will be irreparably harmed, because Sunrise has and will continue to interfere with [Gannon's] use of, maintenance of, operation of, and access to the Sign and Property, which has prevented [Gannon] from restoring power to the Sign and is likely to result in the loss of valuable contracts between [Gannon] and its advertiser clients.

In this appeal, Southwest challenges the sufficiency of the evidence only on the element of irreparable harm.

After finding that Southwest breached the lease, the trial court awarded Gannon both damages and a permanent injunction. Gannon put on evidence of damages caused by Southwest's refusal to allow it to maintain and power the billboard. Gannon was also able to specifically quantify the damages caused by the lack of electrical power to the billboard as Gannon either credited advertisers when the billboard was not visible at night or offered a reduced rate. There was no evidence at trial reflecting that Gannon was harmed in a manner that could not be cured by monetary damages. There was no evidence that Gannon lost any client relationships over the lack of electrical power for the billboard, nor was there evidence that the billboard was no longer marketable to advertisers.

Gannon argued in the trial court, and here on appeal, that the permanent injunction was necessary because Southwest repeatedly denied Gannon access to the billboard before trial. However, fear or apprehension of a future injury does not satisfy the requirement for irreparable injury. *See Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 432 (Tex. App.—Austin 2004, pet. denied) ("Fear or

apprehension of the possibility of injury is not sufficient; the plaintiff must prove that the defendant has attempted or intends to harm the plaintiff in the future.").

Gannon further argues the injunction is necessary because Southwest would continue to interfere with its access and operation of the billboard. The Uniform Declaratory Judgments Act allows for "[f]urther relief based on a declaratory judgment" upon a showing that the relief is "necessary or proper." Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.011. Ancillary injunctive relief may be obtained when the evidence establishes that a defendant will not comply with a declaratory judgment. When the requested injunctive relief arises out of a declaratory judgment, a presumption exists that a defendant will recognize and respect the rights declared by a declaratory judgment and will comply with the judgment in carrying out its duties. *Tanglewood Homes Ass'n, Inc. v. Feldman,* 436 S.W.3d 48, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Although the trial court granted Gannon's application for declaratory relief after a summary-judgment hearing, the trial court's findings of fact do not reflect that the permanent injunction was necessary because Southwest did not comply with the declaratory relief ordered by the court. Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.002, .003.

Although the chief operating officer of Southwest testified that he disagreed with the court order granting Gannon's requested declaratory relief, there was no evidence in the record establishing that Southwest would defy court orders or a judgment in the future:

> Q. Now, with regard to this order, you know you're under an order that says they can power the sign, right.
>
> A. Absolutely.
>
> Q. And are you opposed to them powering the sign?
>
> A. No. I'm not opposed to them powering the sign.

7

. . . .

Q. Yes. You testified that even though there's a court order —

A. Uh-huh.

Q. — to the effect that we have the right to repower the sign with an aboveground line, you disagreed with that order?

A. I do disagree with the order.

The trial court made no findings of fact establishing that Southwest would not comply with a court order. A statement that Southwest, or its chief operating officer, without more, disagreed with a court order is not evidence that Southwest would refuse to comply with court rulings. Further, the trial court declined to award damages to Gannon for lost revenues for the time period between the summary-judgment hearing and the trial because Gannon did not attempt to restore power through an above-ground power line pursuant to the interlocutory order signed by the trial court. Because there was no legally-sufficient evidence supporting its conclusion on irreparable harm, the trial court abused its discretion and erred by granting Gannon's application for permanent injunction. Having so concluded, we need not address Gannon's other argument that the trial court erred by granting Gannon's application for permanent injunction.

We sustain issue 1.

## B. Attorney's fees

Gannon sought recovery for its "court costs and reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code sections 37.009 and 38.001. In its final judgment, the trial court concluded that Southwest breached its contract with Gannon and awarded damages,[1] as well as attorney's fees in the total amount of $199,680.

---

[1] The award of damages to Gannon has not been challenged in this appeal.

In issue 2, Southwest argues that the trial court erred by awarding attorney's fees to Gannon because attorney's fees were not authorized by any contractual provision or any applicable statute. The parties agree the lease has no provision for the recovery of attorney's fees. Southwest further argues that the award of appellate attorney's fees was not supported by legally- or factually-sufficient evidence.

## 1. Chapter 38

Southwest, a limited liability company, argues that an award of attorney's fees was improper pursuant to Civil Practice and Remedies Code chapter 38 because the language of the statute in effect at the time suit was filed did not apply to limited liability companies.[2] In its appellate brief, Gannon does not dispute this contention and instead argues that it was entitled to attorney's fees under another statutory provision.

The availability of attorney's fees under a particular statute is a question of law for the court. *Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). Because this suit was filed before the effective date of the 2021 amendments, section 38.001 does not authorize recovery of attorney's fees for Gannon's breach-of-contract claim.

## 2. Chapter 37

Southwest next argues that Gannon is not entitled to recover attorney's fees

---

[2] The version of section 38.001 applicable to this case provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract." Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 38.001(8), 1985 Tex. Gen. Laws 3242, 3278–79, *amended by* Act of May 28, 2021, 87th Leg., R.S., ch. 665, 2021 Tex. Gen. Laws 1391 (effective September 1, 2021); *see also Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 455 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (construing then applicable statutory language to conclude "section 38.001 does not authorize the recovery of attorney's fees in a breach of contract action against an LLC").

pursuant to the Uniform Declaratory Judgments Act. *See* Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001.—.009. We first address Southwest's contention that Gannon could not recover attorney's fees pursuant to the Uniform Declaratory Judgments Act because Gannon's declaratory-judgment action only restated or repackaged its breach-of-contract claim for recovery of attorney's fees.

Section 37.009 provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.009. However, a declaratory-judgments action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute. *See National Enter., Inc. v. E.N.E. Props.*, 167 S.W.3d 39, 44 (Tex. App.—Waco 2005, no pet.). "A counterclaim that presents no new controversy[ ] but exists solely to pave the way to an award of attorney's fees is improper." *Howell v. Mauzy*, 899 S.W.2d 690, 706 (Tex. App.—Austin 1994, writ denied); *see Save Our Springs All., Inc. v. Lazy Nine Mun. Util. Dist.*, 198 S.W.3d 300, 318 (Tex. App.—Texarkana 2006, pet. denied). In other words, a party generally may not invoke the Uniform Declaratory Judgments Act to settle disputes that are already pending before the court. *BHP Petro. Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding). This is sometimes referred to as the "mirror-image" rule. *See Washington Square Fin., LLC v. RSL Funding, LLC*, 418 S.W.3d 761, 776 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Save Our Springs*, 198 S.W.3d at 318.

Further, "when a claim for declaratory relief is merely tacked onto a standard suit based on a matured breach of contract, allowing fees under [the Uniform Declaratory Judgments Act] would frustrate the limits Chapter 38 imposes on such fee recoveries." *MBM Fin. Corp. v. Woodlands Operating Co.*,

292 S.W.3d 660, 670 (Tex. 2009). "[A]n award of attorney's fees under [§ 37.009] is unavailable if the claim for declaratory relief is merely incidental to other claims for relief." *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011). The question then is whether the declaratory relief sought by Gannon was incidental to its breach-of-contract claim.

Here, Gannon argues that its declaratory-judgments action was distinct from its breach-of-contract claim. Although the parties agreed that the lease required that electrical power be supplied to the billboard, the parties could not agree on how power should be supplied. Gannon wanted an above-ground power pole rebuilt to connect to the billboard (in the same manner as power had been supplied since 1996) and Southwest wanted the power lines buried so the property could be redeveloped. Therefore, Gannon argues the declaratory-judgments action was distinct, and not incidental to its breach of contract claim. We agree.

While Gannon's breach-of-contract claim and declaratory-judgments claim both arise from the same set of facts, they presented very distinct legal questions. If Gannon had only pleaded a breach-of-contract claim, the trial court would have only decided whether the lease had been breached in the past and thus, whether Gannon was entitled to damages. The issue of the manner in which the sign could be powered for the more than ten years left in the lease term could not have been addressed in the breach-of-contract claim. Further, while the lease required that the sign was powered, it did not specify the manner in which the billboard was to be powered. Therefore, the declaratory-judgments action resolved a critical dispute between the parties affecting the remainder of the lease term.

We conclude that Gannon was not legally precluded from recovering attorney's fees for its declaratory-judgments action. However, the trial court's findings of fact and conclusions of law do not reference Gannon's

11

declaratory-judgments action. Although the trial court had previously granted declaratory relief to Gannon, the trial court's findings of fact and conclusions of law appear to premise the attorney's fees award on Gannon's breach-of-contract claim. This means that the award of attorney's fees is based on an improper legal theory.

### 3.    Appellate attorney's fees

Finally, Southwest also argues the evidence is legally- and factually-insufficient to support the award of *appellate* attorney's fees to Gannon.

A trial court may award conditional appellate attorney's fees to a party. These are "essentially an award of fees that have not yet been incurred and that the party is not entitled to recover unless and until the appeal is resolved in that party's favor." *Ventling v. Johnson*, 466 S.W.3d 143, 156 (Tex. 2015). Although the supreme court strongly favors the lodestar method for shifting attorney's fees, that method does not apply for conditional appellate attorney's fees that have not yet been incurred and can only be projected based on an expert's opinion testimony. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020). But the *Yowell* court also held that "this uncertainty does not excuse a party seeking to recover contingent appellate fees from the need to provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.* This court and most of our sister courts have reversed contingent appellate fee awards for failure to meet this *Yowell* standard. *See, e.g., Jinsun, LLC v. Mireskandari*, No. 14-23-00165-CV, 2024 WL 924712, at *4 (Tex. App.—Houston [14th Dist.] Mar. 5, 2024, no pet. h.); *Milliken v. Turoff*, No. 14-19-00761-CV, 2021 WL 2156224, at *3 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.) (mem. op.).

At trial, counsel for Gannon was asked to testify to his opinion on the cost to

"prepare briefings, pleadings and prepare for and attend oral argument." He responded that based on his experience and current hourly rate, "I would anticipate that an appeal to the court of appeals would be in the range of $30,000 in attorney's fees, time for briefing and oral argument." Counsel previously testified to his hourly rate, as well as the hourly rate of all the attorneys at his firm that had worked on the case. Although Gannon's counsel did not provide much detail about the contingent legal services to be provided, his testimony met the requirements of *Yowell* by testifying "about the services [a party] reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Yowell*, 620 S.W.3d at 355. We conclude the evidence of appellate attorney's fees was legally sufficient and not factually insufficient to support the contingent-appellate-fee award. However, given our holding above that the award of attorney's fees in the trial court appears to be based on an improper legal theory, it is unclear whether there is a legal basis for Gannon's recovery of appellate attorney's fees.

We sustain issue 2 in part because we concluded that an award of attorney's fees was unavailable pursuant to Civil Practice and Remedies Code chapter 38 and overrule issue 2 in part because we concluded that Gannon was not legally precluded from recovering attorney's fees for its declaratory-judgment claim. With respect to Southwest's challenge to the award of appellate attorney's fees, we overrule this part of issue 2 but only to the extent that Gannon demonstrates on remand a legal basis supporting its ability to recover attorney's fees.

### III. CONCLUSION

Having sustained issue 1, we reverse the final judgment of the trial court as to Gannon's application for permanent injunction. *See* Tex. R. App. P. 43.2(d). Having sustained issue 2 in part, we reverse the final judgment of the trial court as

13

to the award of attorney's fees to Gannon. We remand the case to the trial court and order the trial court (1) to render judgment denying Gannon's application for permanent injunction against Southwest Sunrise, LLC and (2) to conduct further proceedings limited to the determination of whether attorney's fees should be awarded pursuant to the Uniform Declaratory Judgments Act in light of our conclusion that Gannon may not recover attorney's fees pursuant to chapter 38. Tex. R. App. P. 43.3(b); *see First-Citizens Bank & Tr. Co. v. Francis*, No. 14-20-00179-CV, 2022 WL 619711, at *8 (Tex. App.—Houston [14th Dist.] Mar. 3, 2022, no pet.) ("When the trial court makes findings of fact and conclusions of law under an erroneous interpretation of law and does not make findings that would control the case under a correct legal interpretation, the proper remedy is to reverse the judgment and remand the case for further proceedings."). The remainder of the judgment as challenged on appeal is affirmed.


/s/    Charles A. Spain
        Justice

Panel consists of Justices Jewell, Spain, and Wilson.

14