Kenneth SONGER and Helen Songer, Appellants,

v.

Joe ARCHER, d/b/a Archer Excavating, and American Economy Insurance Company, Appellees.

No. 06–99–00113–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 14, 2000.

Decided May 31, 2000.

Scott Seamster, Wagstaff, Alvis, Stubbeman & Longacre, LLP, Abilene, for appellant.

Michael Wynne, Nall, Pelley & Wynne, L.L.P., Sherman, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Kenneth Songer and Helen Songer (the Songers) appeal from a summary judgment holding that they breached a Rule 11 agreement and awarding Joe Archer, d/b/a Archer Excavating and Economy Insurance Company (Archer) $116,000.00 in liquidated damages for breach of the contract.

The Songers contend that the trial court erred in granting Archer a summary judgment because: (1) there was insufficient evidence on which to grant a summary

judgment, and (2) the judge enforced a liquidated damages provision in the Rule 11 agreement after the Songers raised a fact issue as to the illegality of that provision.

In the underlying case, Kenneth and Helen Songer sued Billy and Mary Clements, d/b/a Cecle Clement & Sons, and Joe Archer, d/b/a Archer Excavating, in the Sixth Judicial District Court of Lamar County. The Songers alleged that a sand pit being operated by the Clements caused both property damage and personal injuries, namely, various ailments involving the Songers' lungs and respiratory systems. The facts of the underlying case are more fully set out in *Songer v. Clement*, 20 S.W.3d 188 (Tex.App.-Texarkana 2000, no pet. h.).

The issues involved in the present case involve only a purported settlement agreement between the Songers and Archer. This purported agreement was made after the defendants' Motions for Sanctions had been filed, but before a hearing on the motions. The agreement is governed by TEX.R. CIV. P. 11. This rule states as follows:

## RULE 11. AGREEMENTS TO BE IN WRITING

Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

By its title and substance, this rule emphatically requires that to be enforceable agreements involving a pending suit must be in writing, *signed,* and made a part of the court's record, or be made in open court and entered of record to be enforceable.

■ In the present case, a written agreement was mentioned in court and apparently was prepared by one of the attorneys and sent to the other attorney. This agreement was never signed; therefore, it is not enforceable and, to the extent that this suit may refer to this agreement in court and in the motion for summary judgment, Rule 11 prohibits it from being enforced as a contract.

We next turn to the enforcement of the agreement made in open court under Rule 11. The following occurred in open court:

TRIAL COURT: ... First of all, Mr. Orr, I understand that you have arrived at some agreement with one or more defendants.

MR. ORR [Attorney for the Songers]: Yes, Your Honor. The Songers have communicated to me and have agreed to let everybody go, agreed not to appeal, dismiss people, everyone go their own separate ways, with each party bearing their own costs. I think that that agreement has been reached with Mr. Wynn and my clients in the process of signing some documents that Mr. Wynn faxed over to my office in that regard. Mr. DeVoss I think has stated that he's in agreement with that if the whole case is done and everybody is out, and I think that the only hangup right now is Clements and that Mr. Harrison has not heard anything from his client.

THE COURT: Mr. Wynn, how do you respond?

MR. WYNN [Attorney for Archer]: Judge, that in substance is our agreement. We can dictate this into the record, Jim, if you would like. The agreement is this: That Archer will withdraw its Motion for Sanctions that was previously filed and will not refile that motion. In exchange, the Songers give up any of their post-trial or appellate remedies. That's the gist of the agreement. Is that correct, Jim?

MR. ORR: That's correct.

MR. WYNNE: And we have faxed to your office the proposed compromise settlement agreement, a joint motion to dismiss, and proposed order of dismiss-

al, and I'm asking the court to I guess defer doing anything as far as this motion until I get that signed agreement.

Jim, I trust you completely, but given the history of this case I would much prefer to have a signed agreement faxed to my office before I leave the courthouse here today. My legal assistant has been instructed to contact me when that's done.

MR. ORR: Okay.

THE COURT: I do note that there is one difference between what the two of you said about this, and that is Mr. Orr said that that included parties paying their own costs.

MR. WYNNE: Yes, sir, that's correct.

. . .

MR. WYNNE: And there are a couple of other terms, Jim, that you and I talked about that I probably didn't mention. In the compromise settlement agreement between Archer and Songer, there is a liquidated damage provision if they breach the agreement they would have to pay—in addition, Jimmy had assumed that there would be an indemnity provision within that compromise settlement agreement. Is that your understanding?

MR. ORR: I have no problem with that as long as it's limited to if they appeal any decision by the court with respect to Archer, then the liquidation damage provision would come into effect.

MR. WYNNE: Okay.

MR. ORR: I mean I have no problem with the indemnity provision. They are not going to appeal it, so it's never going to come into play.

This constitutes the entirety of the agreement that was made in open court.

*Summary Judgment*

■ A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and

that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). In reviewing a summary judgment, the appellate court reviews all of the evidence in the light most favorable to the nonmovant. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 549 (Tex.1985). The court must also indulge every inference in favor of the nonmovant and resolve all doubts in the nonmovant's favor. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex. 1997). Once the movant has established a right to summary judgment, the burden then shifts to the nonmovant to respond with any issues that would preclude a summary judgment. The nonmovant may do this by presenting either controverting evidence or by raising a fact issue on each element of his affirmative defenses. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). To establish a breach of contract, Archer was required to present proof of the Rule 11 agreement's terms and proof of the breach of one or more of those terms. *See TCI Cablevision of Texas, Inc. v. South Texas Cable Television,* 791 S.W.2d 269 (Tex.App.-Corpus Christi 1990, writ denied).

The lawsuit against Archer was dismissed by the trial court. The Songers had agreed to such a dismissal in open court. The issue on summary judgment is whether the Songers violated their open court agreement to "let everyone go."

■ After the Rule 11 agreement in open court, the Songers filed a Motion for New Trial involving all of the defendants including Archer. This portion of the record shows a violation of the Rule 11 agreement. However, the agreed liquidated damage amount was not applicable to this violation, because, as previously quoted, the agreement in open court limited the liquidated damages to an appeal by the Songers against Archer. A Motion for New Trial is not an appeal. Thus, damages under the terms of the contract could be awarded based upon actual damages, but this would not be covered by the agreement for the liquidated amount.

 The summary judgment proof showed that Archer was listed as a party in the caption on the Notice of Appeal. However, no relief was sought against Archer on appeal. The appellate rules governing the filing of a notice of appeal do not require a party to state whether it is limiting its appeal. TEX.R.APP. P. 25, 32, 34.6. Furthermore, in the Notice of Appeal, the Songers were not required to set forth the grounds on which they were appealing or the parties against whom relief was sought until they filed their appellate brief with this Court. TEX.R.APP. P. 38.1(e).[1]

 The Notice of Appeal did include Archer's name as a part of the caption of the case, but the Songers did not appeal the court's action in regard to Archer. When there were multiple defendants and multiple causes of action, simply filing a notice of appeal does not demonstrate that the appellants were appealing any portion of the judgment with respect to this specific defendant. Therefore, the Songers' Notice of Appeal, by itself, was not sufficient summary judgment proof that they were appealing anything with respect to Archer.[2]

Because there was not sufficient evidence to show that Archer had breached the Rule 11 agreement by appealing any matter with respect to Archer, the $116,000.00 award of liquidated damages or a breach of contract by appealing had no basis. Therefore, this amount of damage is reversed. However, because the record shows that the Rule 11 agreement was violated by the filing of the Motion for New Trial, the Songers are subject to actual damages for their breach.

The summary judgment is reversed and the cause is remanded for a new trial in accordance with the determination set forth in this opinion.

---

1. An exception to this rule is when a party wishes to file a partial reporter's record. TEX. R.APP. P. 34.6(c)(1).

2. Although not before the trial court at that time, in the appeal itself no relief was sought against Archer.