William **RUCKER** and Tracom International, Appellants,

v.

**BANK ONE TEXAS, N.A., Appellee.**

No. 10–99–087–CV.

Court of Appeals of Texas, Waco.

Dec. 27, 2000.

Thomas Matthew Michel, Jamshyd M. Zadeh, Bourland, Kirkman, Seidler & Evans, L.L.P., Ft. Worth, for appellant.

Jeffrey Garner Hamilton, William D. Ellerman, Jackson Walker, L.L.P., Dallas, for appellee.

Before Chief Justice DAVIS Justice VANCE, and Justice GRAY.

## OPINION

VANCE, Justice.

In this appeal, we address for the first time: (1) whether a court abuses its discretion by severing a compulsory counterclaim so as to make an otherwise partial summary judgment final, and (2) whether a holding that a severance was improper divests a court of appeals of jurisdiction over the appeal.

William Rucker and Tracom International ("Guarantors") appeal from a summary judgment and order of severance in favor of Bank One Texas, N.A. ("Bank One"). Guarantors present three issues for appeal. They contend: (1) the trial court erred in granting Bank One's motion for summary judgment; (2) the trial court abused its discretion in severing its counterclaim into a new cause; and (3) the trial court erred in awarding Bank One its attorney's fees. We review the severance issue first, and conclude that the trial court abused its discretion. However, this finding does not divest us of jurisdiction over the remaining issues. Because the trial court erred in granting the summary judgment after Guarantors successfully raised at least one affirmative defense, the summary judgment was likewise improper.

We vacate the severance order, reverse the summary judgment, and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

Tracom, Inc.[1] ("Tracom"), a corporation which is the principal debtor, executed a

---

1. Tracom, Inc. is a corporate entity separate and distinct from Tracom International.

promissory note to Bank One for a line of credit of $750,000. Guarantors executed separate guarantees to Bank One for all amounts owed by Tracom under the note. Bank One advanced $654,762 to Tracom on the line of credit. Under the terms of the note, the outstanding principal balance was to be paid in full within one year. However, Tracom failed to repay the debt at maturity.

Bank One filed suit against Tracom and Guarantors for the amount due on the delinquent note. Tracom and Guarantors answered asserting special exceptions, affirmative defenses, and a general denial. Bank One moved for summary judgment on the note for the principal balance and other sums. Bank One also alleged that Guarantors unconditionally guaranteed Tracom's obligations, received written notice of the default, and therefore were also liable for the balance. When Tracom filed for bankruptcy, it was dismissed from the lawsuit by a non-suit.

Guarantors filed an amended pleading asserting both as affirmative defenses and as a counterclaim that Bank One had induced them into entering the guaranty contracts through fraud and misrepresentation and that Bank One had breached the loan agreement. Guarantors' response to Bank One's motion for summary judgment made these arguments as well. Bank One replied that Guarantors' defenses and/or counterclaim were meritless, were personal to Tracom and not available to Guarantors, and had been waived. Accordingly, Bank One filed a motion to sever the counterclaim, asserting that a severance would prevent prejudice to Bank One caused by Guarantors' frivolous claims and serve the interests of judicial economy. The trial court granted Bank One's motion for summary judgment and severed Guarantors' counterclaim into a new cause.

## SEVERANCE

Guarantors contend that the trial court abused its discretion in severing their compulsory counterclaim from Bank One's suit on the guarantees, because the facts necessary to prove their counterclaim are intertwined with the facts necessary to prove the main cause of action. The counterclaim alleges that Bank One fraudulently induced Guarantors into entering the guarantees and breached the loan agreement by failing to advance the full line of credit.

### A. Was the Severance Within the Court's Discretion?

The Rules of Civil Procedure grant a trial court broad discretion regarding the severance of causes of action. TEX. R.CIV.P. 41; *Cherokee Water Company v. Forderhause*, 641 S.W.2d 522, 525 (Tex. 1982). A trial court's decision to sever a counterclaim will not be disturbed on appeal unless there is a showing of an abuse of discretion. *Ryland Group, Inc. v. White*, 723 S.W.2d 160, 161 (Tex.App.— Houston [1st Dist.] 1986, no writ). However, an order severing a compulsory counterclaim will constitute such an abuse. *Mathis v. Bill De La Garza & Associates, P.C.*, 778 S.W.2d 105, 106 (Tex.App.—Texarkana 1989, no writ). We will follow the *Mathis* rule. *See id.*

The Supreme Court has adopted a six-part test for determining whether a counterclaim is compulsory rather than permissive. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988). In *Wyatt*, the Supreme Court stated that a counterclaim is compulsory if the claim:

- is within the jurisdiction of the court;
- is not, at the time of filing the answer, the subject of a pending action;
- is mature and owned by the pleader at the time of filing the answer;
- arises out of the transaction or occurrence that is the subject matter of the opposing party's claim;
- is against an opposing party in the same capacity; and
- does not require for its adjudication the presence of third parties over

whom the court cannot acquire jurisdiction.

*Id.*

Our review of the record convinces us that Guarantors' counterclaim meets all the requirements necessary to be classified as compulsory in nature. *See id.*

■ . Guarantors' counterclaim argues that they have been damaged because Bank One fraudulently induced them into entering the contracts and breached the loan agreement with Tracom. *See Fuentes v. McFadden,* 825 S.W.2d 772, 779 (Tex.App.—El Paso 1992, no writ). These allegations stem from the same negotiations and contracts which were the subject matter of the primary suit initiated by Bank One. *See id.* The facts necessary to prevail on the counterclaim are identical to the facts necessary to defend against the primary suit on the basis of the asserted affirmative defenses of fraudulent inducement and breach of contract. *See id.* Thus, if the Guarantors prevail on the issues asserted both as affirmative defenses and as a counterclaim, Bank One's recovery on the guarantees will be affected.

■ Guarantors' counterclaim was compulsory since it arose out of the same transaction that was the subject matter of Bank One's suit and did not require the presence of a third party for adjudication. *See id.* at 779–80. Consequently, we find that the trial court's severance constituted an abuse of discretion. *See Wyatt,* 760 S.W.2d at 247; *Mathis,* 778 S.W.2d at 106. We sustain issue two.

**B. How Should We Dispose of the Appeal?**

The courts of appeals are divided on the proper disposition of an appeal from a case in which a severance was improperly granted. One court has held that if the severance is improper, the judgment is not final, resulting in the court of appeals having no jurisdiction. *Cass v. Stephens,* 823 S.W.2d 731, 734 (Tex.App.—El Paso 1992, no writ).[2] Under this reasoning, the only appropriate disposition is to dismiss the appeal. *Id.* However, other courts have rejected this reasoning and ruled that error in granting a severance does not divest a court of appeals of jurisdiction. *Nicor Exploration Co. v. Florida Gas Transmission Co.,* 911 S.W.2d 479, 482 (Tex.App.—Corpus Christi 1995, writ denied) (citing *Schieffer v. Patterson,* 433 S.W.2d 418, 419 (Tex.1968); *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 78–79 (1959); *Rutherford v. Whataburger, Inc.,* 601 S.W.2d 441, 443 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.)).

■ We agree with the Corpus Christi Court but for a different reason. This judgment was final. We have the duty to review all aspects of a final judgment. Thus, we hold that our finding of an improper severance does not deprive us of jurisdiction. An improper severance is trial court error, and our determination of error does not prevent us from considering the remaining issues on appeal. Accordingly, because the severance constituted an abuse of discretion, we will vacate the severance order and consider the remaining issues.

**SUMMARY JUDGMENT**

■ Having determined that we will vacate the severance order, we next turn to the propriety of the summary judgment. The standards for reviewing a summary judgment are well established. They are:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favor-

2. But see *In re Hoover, Bax & Slovacek, L.L.P.,* 6 S.W.3d 646, 649 (Tex.App.—El Paso 1999, no pet.).

able to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo. *Sasser v. Dantex Oil & Gas, Inc.,* 906 S.W.2d 599, 602 (Tex.App.—San Antonio 1995, writ denied). With these principles in mind, we turn to a review of the summary-judgment motion, response, and evidence.

Bank One moved for summary judgment on its cause of action on the guarantees. Guarantors defended against the motion by filing a written response, supported by affidavits, asserting (1) their affirmative defense that they were fraudulently induced into entering into the guarantees, (2) their affirmative defense that Bank One breached the loan agreement, and (3) that Bank One's summary judgment proof failed to demonstrate that it was the owner of the note and guarantees. Bank One's reply to Guarantors' response to the motion for summary judgment asserted (1) Guarantors "are not entitled to raise the defenses that they have asserted as a matter of law", (2) "[Guarantors] have expressly waived the defenses they have asserted in the guarantees that they signed," and (3) the summary judgment evidence established Bank One's ownership of the note and guarantees. As to waiver, Bank One relied on the language of the documents themselves to evidence a waiver of "any rights they have to assert defenses or counterclaims for … fraudulent inducement, negligent misrepresentation…."

▮ Once the movant establishes its right to summary judgment, the burden shifts to the non-movant to present issues that preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Bank One established its right to summary judgment on the guarantees through a motion supported by competent summary judgment evidence. Guarantors did not dispute this. They relied, instead, on their affirmative defenses of breach of contract and fraudulent inducement.

▮ The mere pleading of an affirmative defense will not, without proof, defeat a motion for summary judgment. *American Petrofina, Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex.1994). A defendant must go beyond the allegations of an affirmative defense and present summary judgment evidence that raises that defense. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). If the affirmative defense has more than one element, then summary judgment evidence must be presented on each element necessary to such defense. *American Petrofina,* 887 S.W.2d at 830; *Songer v. Archer,* 23 S.W.3d 139, 142 (Tex.App.—Texarkana 2000, no pet.). This is so because if the non-movant does not raise an issue on each element, there is no defense. *See Brownlee,* 665 S.W.2d at 112.

The rule has also been summarized by the Supreme Court of Texas:

In a summary judgment proceeding, the necessity of supporting a non-movant's affirmative defense by proof raising a fact issue is well established in Texas. Mere pleading of the defense is not sufficient to withstand a properly evidenced motion for summary judgment. *Hudnall v. Tyler Bank and Trust Co.,* 458 S.W.2d 183 (Tex.1970). Thus in *Gulf, Colorado and Santa Fe Railway Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 500 (1959), this court stated:

"Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing

that there is such a disputed fact issue upon the affirmative defense."

*Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex. 1974); *see also Bauer v. Jasso*, 946 S.W.2d 552, 555 (Tex.App.—Corpus Christi 1997, no writ).

Here, in addition to their pleading of fraud in the inducement as a counterclaim, discussed earlier in this opinion, Guarantors plead the theory as an affirmative defense. We have recently enumerated the elements of a claim of fraudulent inducement. *Fletcher v. Edwards*, 26 S.W.3d 66, 77 (Tex.App.—Waco 2000, pet. denied). Those elements are: a material misrepresentation; which was false; which was known to be false when made or was made recklessly as a positive assertion without knowledge of its truth; which was intended to be acted upon; which was relied upon; and which caused injury. *Id.* (citing *Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex.1998)).

Guarantors came forward with a response, supported by an affidavit, to establish a fact issue on each element of the defense of fraudulent inducement. Taking the affidavit as true, indulging every reasonable inference in favor of the non-movants, and resolving any doubts in their favor, as our standard of review requires, we believe that the affidavit of William F. Rucker fairly addresses and raises all the elements of their affirmative defense of fraudulent inducement. *Nixon*, 690 S.W.2d at 548–49; *Eads v. American Bank*, 843 S.W.2d 208, 211 (Tex.App.—Waco 1992, no writ). Thus, Guarantors defeated the motion for summary judgment by their assertion and proof of an affirmative defense. We sustain issue one.

### ISSUES NOT ADDRESSED

Guarantors' response to the motion for summary judgment and Rucker's affidavit also asserted the defense of breach of contract and that the attorney's fees sought by Bank One were improper. Because we sustain issue two on the basis of the defense of fraudulent inducement, we do not address these issues.

### CONCLUSION

Guarantors' counterclaim was compulsory since it arose out of the same transaction that was the subject matter of Bank One's suit and did not require for adjudication the presence of a third party. As a result, the trial court's severance constituted an abuse of discretion. *Mathis*, 778 S.W.2d at 106. Thus, we must vacate the order of severance. Furthermore, the court erred in granting a summary judgment after Guarantors successfully raised at least one affirmative defense; thus, the improper summary judgment must be reversed.

We vacate the severance order, reverse the summary judgment, and remand the cause for further proceedings consistent with this opinion. Costs are taxed against Bank One.