IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00277-CV

 

Mobil Oil Corporation, 

Mobil Oil Co., Inc. 

and Mobil Chemical Company,

                                                                      Appellants

 v.

 

Ona Mae Powers,

                                                                      Appellee

 

 

 



From the 60th District Court

Jefferson County, Texas

Trial Court # B-126986-Y

 



MEMORANDUM 
Opinion










 

          Mobil
Oil Corporation appeals[1]
from the grant of a summary judgment on its counterclaim seeking indemnity from
Ona Mae Powers under a Release and Indemnity Agreement she signed in 1994.  Finding that the trial court did not err in granting
the summary judgment, we affirm.  DeWitt County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96,
100 (Tex. 1999)
(interpret the contract as a matter of law); Nixon v. Mr. Property Management Co., 690 S.W.2d
546, 548‑49 (Tex. 1985) (standard
of review); Rucker v. Bank One, 36 S.W.3d 649,
652-53 (Tex. App.—Waco 2000, pet. denied) (review is de novo).

 

 

PER CURIAM

 

Before Justice Vance,

Justice Reyna, and

Judge McGregor[2]
(Sitting by Assignment)

Affirmed

Opinion delivered and filed October
 6, 2004

 

[CV06]

 











   [1]
 This case was transferred to us from the
Ninth Court of Appeals by order of the Supreme Court of Texas.





   [2]  F. B. (Bob) McGregor,
Jr., Judge of the 66th District
 Court
 of
 Hill
 County,
sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant
to section 74.003(h) of the Government Code. 
See Tex. Gov=t Code Ann. '
74.003(h) (Vernon
Supp. 2004).







Schronk testified that Sloane exhibited two of the six clues for
intoxication.

          Sloane
and his wife testified on Sloane’s behalf. 
They both testified that Sloane used a hand sanitizer because of his job
and that he had a bottle with him at the time of the accident.  They both also testified that Sloane had not
been drinking and did not abuse alcohol. 
A friend of Sloane’s testified that he had seen Sloane at a store prior
to the accident and that Sloane was not intoxicated.  Sloane’s wife testified that Sloane’s father
had recently died, and that they had just returned home from the funeral the
day before.  Sloane admitted that he was
speeding and that he was passing several slow moving cars.  He stated he swerved to avoid hitting a blue
Mustang.  Sloane testified that his
astigmatism and injuries from a prior accident contributed to his poor performance
on the sobriety tests.  He also stated
that he refused a breathalyzer test at the jail because he was angry.

          We
have reviewed all the evidence in a neutral light and find it was within the
province of the jury to choose between reasonably equal competing theories of
the case.  The determination turns on the
credibility of the witnesses, and we will not disturb it.

          Sloane’s
first issue is overruled.

Opinion Testimony

          Sloane
also complains that the trial court erred by permitting John Plemmons, an eye witness
to the accident, to testify that he thought Sloane was intoxicated.  Specifically, Sloane contends that because
Plemmons is a former police officer, this was improper expert testimony.  

A complaint about the admission of evidence is
reviewed under an abuse of discretion standard. 
Montgomery v.
State, 810 S.W.2d 372, 378
(Tex. Crim. App. 1990).  If evidence is
admissible for any purpose, we will sustain the trial court’s ruling even if
that purpose was not asserted at trial and even if the court gave the wrong
reason for admitting the evidence.  Najar v. State, 74 S.W.3d 82, 86 (Tex.
App.—Waco 2002, pet. dism’d).  “Rule of
Evidence 701 permits the admission of lay opinion testimony when the witness’s
opinion is ‘(a) rationally based on the perception of the witness and (b)
helpful to a clear understanding of the witness’ testimony or the determination
of a fact in issue.’”  Webster v. State, 26 S.W.3d 717, 724
(Tex. App.—Waco 2000, pet. ref’d); Tex.
R. Evid. 701.

Plemmons testified that he thought Sloane was
intoxicated because of what he had witnessed: 
Sloane speeding, “clipping a vehicle, jumping a curb, rolling three
times, getting out…pushing a nurse away after an accident, having slurred
speech, and stumbling around.”  Although
Plemmons did have law enforcement training, his opinion was not offered as
expert testimony.  Nothing in the record
suggests that the trial court abused its discretion by allowing this lay
opinion testimony.

Sloane’s second issue is overruled.




Conclusion

Having overruled both issues for review, the
trial court’s judgment is affirmed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

(Justice
Vance dissents with a note:  “In my view,
Sloane has demonstrated that, although it may preponderate in favor of the
jury’s finding, the evidence on the element of ‘the introduction of alcohol
into the body’ does not meet the beyond-a-reasonable-doubt standard when viewed
in a neutral light.  Zuniga v. State, No. 539-02, 2004 WL 840786 *7 (Tex. Crim. App. April 21, 2004).”).

Affirmed

Opinion
delivered and filed July 28, 2004

Do
not publish

[CR25]