# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00058-CV

**Appellant, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC // Cross-Appellant, Eugene L. Watkins, Jr.**

**v.**

**Appellee, Eugene L. Watkins, Jr. // Cross-Appellee, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC**

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-17-000937, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Christopher F. Bertucci (the Executor), as executor of the estate of Anthony R. Bertucci, deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc. (AAHP); American Affordable Homes, LP (AAH); Town Vista Development, LLC (TVD); Town Vista Terrace, Inc. (TVT); and MidCrowne Senior SLP, LLC (MCS) (collectively, the Companies), appeals from the probate court's summary judgment on the Executor's five claims against Eugene L. Watkins: civil theft in violation of the Texas Theft Liability Act (TTLA), *see* Tex. Civ. Prac. & Rem. Code §§ 134.001–.005; breach of fiduciary duties; breach of the duty to account; equitable disgorgement and forfeiture; and breach of

contract.[1]  Watkins cross-appeals from the probate court's severance of his TTLA attorney fee claim and requests remand to the probate court.  For the following reasons, we vacate the severance order to the extent that it severed the TTLA attorney fee claim and dismiss the appeal for lack of jurisdiction.

## BACKGROUND

This suit originated when lawyers and title companies handling the sale of AAH's property filed petitions in interpleader against AAH and AAH's general partner AAHP in Travis County District Court, seeking to deposit the proceeds from the sale in the district court's registry.  Watkins and Anthony were limited partners of AAH and shareholders of AAHP.  Watkins intervened, seeking declaratory judgment as to his rights to a proportion of the funds under the AAH partnership agreement.  Next, Watkins, individually and on behalf of AAH and AAHP, filed claims against third party defendant Anthony, seeking declaratory judgment that the AAH partnership agreement requires distribution of the funds to the limited partners.  In response, Anthony, individually and on behalf of the Companies, filed claims against Watkins, ultimately raising the five claims on which the probate court entered summary judgment.[2]  Watkins then sought attorney fees in defending against the TTLA civil theft claims.  *See id.* § 134.005(b) (providing for recovery of attorney fees).

---

[1]  For convenience, we refer to the claims brought by the Executor both in his capacity as executor of Anthony's estate and in his derivative capacity on behalf of the Companies as "the Executor's claims."

[2]  Because the parties' dispute on the merits—which we do not address here—raises an issue of whether some of Anthony's claims against Watkins properly constitute "counterclaim[s] or cross claim[s]" for the purpose of limitations, *see* Tex. Civ. Prac. & Rem. Code § 16.069, we generically refer to "claims" rather than distinguishing among claims, counterclaims, and cross claims.

After Anthony's passing, the probate court ordered that the cause underlying this appeal, which was then pending in the district court, be transferred to it and that Anthony's son Christopher, as Executor, be substituted for Anthony. Watkins also filed additional claims—including breach of contract and equitable restitution or unjust enrichment—against the Executor, TVD, and AAHP, although he later nonsuited his claims against the Executor.

After granting summary judgment in Watkins's favor on all of the Executor's claims, the probate court issued an Order Transferring Certain Claims and Registry Funds, and Entry of Final Judgment as to All Retained Claims (the Order), stating in part:

> [T]he Court hereby severs and transfers back to the Travis County District Court for further disposition, all of Watkins'[s] Claims that remain pending, including Watkins'[s] Claim for reasonable and necessary attorney's fees, expenses, and costs in defending against the Executor's Claim asserted pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(b) and any valid defenses or offsets thereto.
>
> . . . .
>
> [A]ll prior orders granting Watkins relief or denying the Executor's relief . . . are now considered final and appealable. This Order therefore disposes of all issues retained by this Court as between the parties, and is a final judgment as to the Executor's Claims.

The Executor appeals the summary judgment, and Watkins cross-appeals the severance and transfer of his TTLA attorney fees claim.[3]

---

[3] After Watkins filed his cross-appellant's brief, requesting that this Court reverse the severance of the TTLA attorney fee claim and remand the claim to the probate court, the Executor filed a letter stating that he does not oppose remand of that claim to the probate court or the district court.

**DISCUSSION**

In his cross-appeal, Watkins argues that the probate court abused its discretion in severing his TTLA attorney fee claim from the Executor's TTLA claim and transferring the attorney fee claim to the district court because the claim would not be the proper subject of an independently asserted lawsuit. *See* Tex. Civ. Prac. & Rem. Code § 134.005(b) (providing that party "who prevails" in TTLA claim shall be awarded attorney fees); *State v. Morello*, 547 S.W.3d 881, 888 (Tex. 2018) ("Severance is proper when (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of an independently asserted lawsuit, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues."). Nevertheless, Watkins argues that "[a]lthough the severance was improper, it does not affect this Court's jurisdiction." We agree that the severance of Watkins's TTLA attorney fee claim from the Executor's TTLA claim was improper but disagree that the improper severance does not affect this Court's jurisdiction. Moreover, "subject-matter jurisdiction must exist before we can consider the merits, a challenge to it cannot be waived, and 'we have an obligation to examine our jurisdiction any time it is in doubt.'" *Texas Propane Gas Ass'n v. City of Houston*, 622 S.W.3d 791, 797 (Tex. 2021) (quoting *Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020)).

The Texas Supreme Court recently addressed the jurisdictional nature of an improper severance in *Morello*, although neither party cites the case before this Court.[4] The

---

[4] Before briefing was filed in this appeal, the Executor filed an opposed motion for clarification, stating that "[i]n preparing for the appeal, [the Executor's] research turned up judicial decisions that seem to call into question this Court's subject matter jurisdiction in light of the interdependence of issues between the dismissed claims to the registry funds and the Remaining Claims to those same funds in the district court." Watkins opposed the motion,

4

*Morello* Court held that a party may challenge an improper severance even when no party had asserted the objection below because "challenges to lack of subject matter jurisdiction may be raised for the first time on appeal." 547 S.W.3d at 888. Thus, the *Morello* Court considered the question of the propriety of the underlying severance as implicating subject matter jurisdiction. The *Morello* Court concluded that the severance at issue in that case was proper—although the two cases were "factually intertwined," they were "not so interwoven as to override proper severance"—and "[t]hat being so, the judgment against [Morello] was not interlocutory, but final and subject to appeal." *Id.* at 889. Here, in contrast, Watkins's TTLA attorney fee claim fails to satisfy one of the essential elements for a proper severance: "[T]he severed claim is one that would be the proper subject of an independently asserted lawsuit." *Id.* (citing *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007)); *see also Pierce v. Reynolds*, 329 S.W.2d 76, 79 n.1 (Tex. 1959) ("Severance of a single cause of action into two parts is never proper and should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case."); *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 881 (Tex. App.—Austin 2002, no pet.) (holding that "trial court

responding that "[w]hile couched as a Motion seeking clarification of whether the judgment in the Court below is final, [the Executor's] Motion actually seeks to have this court determine the merits of [the Executor's] appeal in pieces—first, a motion to challenge whether severance of the summary judgment denying [the Executor's] counterclaims was an abuse of discretion, and then ruling on the summary judgment itself," and that "this is an issue that should be reserved for full merits briefing and subject to the briefing length limitations, rather than through a time compressed motion practice." The parties neither cited *State v. Morello*, 547 S.W.3d 881, 888 (Tex. 2018), nor expressly discussed Watkins's TTLA claim for attorney fees; instead, they focused on whether Watkins's other independent claims are factually intertwined with the Executor's claims. And both parties noted that the Executor had not objected to the severance in the underlying proceedings and that they preferred that this Court address the merits of the appeal, if possible. Although we did not decide the jurisdictional issue at that time, we denied the Executor's motion for clarification.

abused its discretion when it severed Bradford's claim for declaratory relief from his claim for attorney's fees under the Act").  Thus, here, in contrast to *Morello*, the judgment is interlocutory and not final and subject to appeal.  *See* 547 S.W.3d at 889; *Dalisa*, 81 S.W.3d at 881 ("To be appealable, Bradford's summary judgment must dispose of all parties and all issues before the trial court. . . .  The summary judgment awarding Bradford declaratory relief does not satisfy this requirement because the severance order is the result of an abuse of discretion.  The invalid severance is prejudicial because it converted into a final judgment a judgment that is interlocutory.").

We recognize that it is difficult to reconcile *Morello* and *Dalisa* with *Pierce* and *Schieffer v. Patterson*.  *Compare Morello*, 547 S.W.3d at 888 (holding that complaint of severance below is challenge to subject matter jurisdiction that may be raised for first time on appeal although concluding that severance was proper, and "*[t]hat being so*, the judgment against him was not interlocutory, but final and subject to appeal" (emphasis added)); *Dalisa*, 81 S.W.3d at 881 (concluding that severance order was result of abuse of discretion and "prejudicial because it converted into a final judgment a judgment that is interlocutory," vacating severance order, and dismissing appeal for want of appealable judgment), *with Schieffer v. Patterson*, 433 S.W.2d 418, 419 (Tex. 1968) (per curiam) (applying *Pierce* and reversing court of appeals' determination that it lacked jurisdiction to consider appeal because of improper severance); *Pierce*, 329 S.W.2d at 79 n.1 (noting that "rule against splitting causes of action" "is for the benefit of and may be waived by the defendant" and "we do not think the appealability of a judgment should be made to turn upon whether the action is severable").  However, the *Dalisa* Court expressly considered *Pierce*—although it did not directly address *Pierce*'s holding as to appellate jurisdiction—yet still chose to consider the improper severance as affecting appellate

6

jurisdiction. *See* 81 S.W.3d at 880 (citing *Pierce*, 329 S.W.2d at 79 n.1). Even if we were inclined to revisit the issue in *Dalisa*,[5] "We may not overrule a prior panel opinion of this court absent an intervening change in the law by the Legislature or a higher court or by decision of this court sitting en banc." *Connor v. Hooks*, No. 03-19-00198-CV, 2021 WL 833971, at *8 n.11 (Tex. App.—Austin Mar. 5, 2021, pet. filed) (mem. op.) (quoting *Lawson v. Keene*, No. 03-13-00498-CV, 2016 WL 767772, at *4 (Tex. App.—Austin Feb. 23, 2016, pet. denied) (mem. op.)). And the intervening decision by the Texas Supreme Court in *Morello* only lends further support to *Dalisa*. *See Morello*, 547 S.W.3d at 888 (citing *Dalisa*, 81 S.W.3d at 882, without disapproval).

Finally, Watkins argues that "[t]here is nothing on the face of the Judgment that suggests [the Order] is not a final judgment; on the contrary, it disposes of all parties and issues and thus is a final judgment for purposes of appeal," citing *In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (per curiam) (orig. proceeding); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191,

---

[5] We acknowledge that our sister courts have taken divergent paths. Some have chosen to conclude that an improper severance does not deprive an appellate court of jurisdiction. *See, e.g.*, *Hyde v. Hawk*, No. 07-14-00059-CV, 2016 WL 2341256, at *2 (Tex. App.—Amarillo May 2, 2016, no pet.) (mem. op.) (noting in transfer case from Fort Worth court of appeals that "[m]ost significantly for our present purpose, the Fort Worth court of appeals is among the courts that has not adopted *Dalisa*'s rationale" that "an erroneous severance deprives an appellate court of jurisdiction over an appeal of the judgment in the severed cause"); *Levetz v. Sutton*, 404 S.W.3d 798, 804 (Tex. App.—Dallas 2013, pet. denied) ("Our determination that the severance order was erroneous does not deprive us with jurisdiction over the appeal."); *Rucker v. Bank One Tex., N.A.*, 36 S.W.3d 649, 652 (Tex. App.—Waco 2000, pet. denied) (noting split in authority and holding "that our finding of an improper severance does not deprive us of jurisdiction"); *Bird v. Lubricants, USA, LP*, No. 02-06-00061-CV, 2007 WL 2460352, at *3 n.8 (Tex. App.—Fort Worth Aug. 31, 2007, pet. denied) (mem. op.) (collecting authorities). Others have concluded that they have appellate jurisdiction to reverse the severance order and remand the case but that they lack jurisdiction to reach the other issues on appeal. *See, e.g.*, *Lousteau v. Noriega*, No. 01-15-00254-CV, 2016 WL 4537371, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, pet. denied) (collecting authorities).

200–08 (Tex. 2001). For summary judgments, the *Lehmann* rule is that the judgment "is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it *finally* disposes of all claims and parties, even if it does not actually do so." *Matter of Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (emphasis added) (citing *Elizondo*, 544 S.W.3d at 828, *Lehmann*, 39 S.W.3d at 205). Here, however, the Order expressly states on its face, "[T]he Court hereby severs and transfers back to the Travis County District Court for further disposition, all of Watkins'[s] Claims that remain pending, including Watkins'[s] Claim for reasonable and necessary attorney's fees, expenses, and costs in defending against the Executor's Claim asserted pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(b)," and that "[t]his Order therefore disposes of all issues *retained* by this Court." (Emphasis added.) Thus, the Order neither states that Watkins's TTLA attorney fee claim is "finally dispose[d] of" nor does it actually dispose of that claim if the underlying severance was improper, according to *Dalisa*. Moreover, "in determining whether an order is final," *Lehmann*'s guiding principle is "to ensure that the right to appeal is not lost by an overly technical application of the law," and "[a]n order must be read in light of the importance of preserving a party's right to appeal." 39 S.W.3d at 205–06. Applying *Dalisa*, the Executor's right to appeal would not be lost because the Executor still maintains the right to appeal after the probate court signs a judgment finally disposing of all claims, including those that were improperly severed.

On the issue of whether we have appellate jurisdiction over the Order, our precedent is clear. And *Elizondo* and *Lehmann* do not overrule *Dalisa* as they do not address *Dalisa*'s central holding that governs here. Accordingly, following *Dalisa*, we vacate the probate court's severance order to the extent that it severed the TTLA attorney fee claim and dismiss the appeal for lack of jurisdiction. *See* 81 S.W.3d at 882.

8

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Smith
 Dissenting Opinion by Justice Triana

Vacated and Dismissed for Want of Jurisdiction

Filed:   January 28, 2022