# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON RECONSIDERATION EN BANC

## NO. 03-20-00058-CV

**Appellant, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC // Cross-Appellant, Eugene L. Watkins, Jr.**

**v.**

**Appellee, Eugene L. Watkins, Jr. // Cross-Appellee, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-17-000937, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

## CONCURRING AND DISSENTING OPINION

I concur with the en banc Court's decision to overrule *Dalisa v. Bradford*, 81 S.W.3d 876 (Tex. App.—Austin 2002, no pet.). As an en banc Court, we overrule *Dalisa's* holding that when a trial court renders an improper severance, the severance divests the court of appeals of jurisdiction over the appeal, and we disapprove of the disposition in *Dalisa*—that of vacating the severance and dismissing the appeal for want of jurisdiction. Slip op. at 7 (citing *Dalisa*, 81 S.W.3d at 882).

However, I respectfully dissent from the en banc Court's holding that an improper severance renders the trial court's judgment interlocutory—the same conclusion reached by the panel in *Dalisa*. *Compare id.* at 7-8 (following other appellate courts that have held "after determining an order was wrongly rendered final by an improper severance, the underlying judgment or order is interlocutory and, thus, that the appellate court lacks jurisdiction to reach the issues challenged in the interlocutory order or judgment" and concluding that "[b]ecause the severance was improper, . . . the summary judgment is not final"), *with Dalisa*, 81 S.W.3d at 882 ("The invalid severance is prejudicial because it converted into a final judgment a judgment that is interlocutory.").

In my opinion, the Texas Supreme Court's opinions in *In re Elizondo*, 544 S.W.3d 824 (Tex. 2018) (orig. proceeding) (per curiam), and *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), control the outcome of this case. Neither *Elizondo* nor *Lehmann* contemplates the result that the en banc Court reaches. In effect, the en banc Court reviews the record to determine that the severance is improper, and upon so finding, then decides that the appeal is interlocutory instead of final and appealable. *See* slip op. at 9 (applying Rule 27.2, which allows modification of "an appealed order that is not final"), 10 (declining to consider "summary-judgment merits issues on appeal without jurisdiction over the appeal"). *Elizondo* and *Lehmann* explicitly forbid courts to take such action if a judgment or order contains clear and unequivocal finality language. If the order contains clear and unequivocal finality language, as it does in this case, then an appellate court "cannot look at the record" to determine whether the judgment was in fact final

and appealable.[1] *See In re Elizondo*, 544 S.W.3d at 826-28; *see also Lehmann*, 39 S.W.3d at 206. "Instead, it must take the order at face value." *In re Elizondo*, 544 S.W.3d at 828. An order with a clear and unequivocal finality phrase is a final order, "and the failure to actually dispose of all claims and parties renders the order erroneous but not interlocutory." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam) (holding that probate court's order expressly stating that it was "final order" that constituted dismissal of bill of review in guardianship proceeding was final and appealable order); *In re Elizondo*, 544 S.W.3d at 828. As the supreme court explained in *Lehmann*, "An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication. In those circumstances, the

---

[1] In this case, the probate court's order demonstrates the court's intention to render a final and appealable judgment in this phase of the probate proceeding on the Executor's claims brought on behalf of the Estate and derivatively on behalf of the Companies against Watkins, while severing and transferring Watkins's claims against the Companies back to the district court from which they had originated. *See In re Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021) (per curiam) (explaining that in probate and guardianship proceedings, an order disposing of all issues and all parties "in the phase of the proceeding for which it was brought" is final and appealable even when the proceeding remains pending as to other issues (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995))). The probate court included language in the order explaining its disposition of the discrete set of issues between Watkins and the Executor over which it had jurisdiction. The order contained the following clear and unequivocal finality language disposing of that set of issues:

> [A]ll prior orders granting Watkins relief or denying the Executor's relief . . . are now considered final and appealable. This Order therefore disposes of all issues retained by this Court as between the parties, and is a judgment as to the Executor's claims.

*See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (suggesting that language stating that "[t]his judgment finally disposes of all parties and all claims and is appealable" would be clear and unequivocal finality phrase); *see also Bella Palma LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) ("Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable.").

3

order must be appealed and reversed." 39 S.W.3d at 206; *see also Bella Palma, LLC v. Young*, 601 S.W.3d 799, 802 (Tex. 2020) (per curiam) ("Irrespective of its legal completeness or correctness, the . . . judgment was final and appealable because there was no question the trial court intended it to be so. If the final judgment is deficient, the remedy comes by appeal, not by the deprivation of appellate jurisdiction." (citation omitted)). In other words, an appellate court's decision that a trial court has committed reversible error cannot alter the nature of the trial court's judgment or order, which is either a final and appealable order at the time the trial court renders it, or it is not. *See In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (per curiam) ("*Lehmann*'s test holds that an order is final if it 'states' that it is—not if the court intends it to be.").

The guiding principle at issue here—that clear and unequivocal finality language renders an order final and appealable even if the order is potentially erroneous because it does not properly dispose of all claims and parties—holds true in the severance context. Older Texas Supreme Court authorities also require us to treat the order as final and appealable despite its erroneous severance of a claim. *See Schieffer v. Patterson,* 433 S.W.2d 418, 419 (Tex. 1968) (per curiam) (reversing and remanding court of appeals' dismissal of appeal for want of jurisdiction based on erroneous severance order because dismissal conflicted with supreme court's holding in *Pierce v. Reynolds*, 329 S.W.2d 76, 78-79 & n.1 (Tex. 1959)). In *Pierce*, the supreme court determined that the trial court's severance order, which was erroneous because it improperly split a single cause of action into two parts, did not deprive the appellate court of jurisdiction to consider the merits of the appeal of the severed part of the case. 329 S.W.2d at 78-79 (holding it is within trial court's judicial power to determine cause is severable and to sever it, even if that conclusion and action are erroneous, and thus that judgment fully adjudicating one of severed causes is

4

appealable).  The supreme court concluded that the appealability of a judgment should not turn upon whether the action is severable, and it additionally stated, "We do not think a judgment *which possesses all of the attributes of finality* can be regarded as interlocutory merely because the court may have erred in ordering a severance which it had the power to grant."  *Id.* at 78-79 & n.1 (emphasis added).

The en banc Court notes that the supreme court in *Pierce* did not consider the propriety of the severance because the defendant had not objected to it "and instead proceeded to the merits of the appeal."  Slip op. at 8 n.4 (citing *Pierce*, 329 S.W.2d at 78).  However, before proceeding to the merits of the appeal, the supreme court noted that the rule against splitting causes of action "is for the benefit of and may be waived by the defendant, and does not in any way limit the power of a court to hear and determine several suits instituted by a plaintiff for the recovery of different parts of a single cause of action."  *Pierce*, 329 S.W.2d at 78.  The court concluded that if a severance has improperly separated one cause of action into two parts, "[a] judgment which fully adjudicates one of the severed causes is appealable even though the entire controversy as it existed prior to the severance is not determined thereby."  *Id.* at 78-79.  Thus, while *Pierce* does not require an appellate court to consider the merits of an appeal if it determines that the severance was improper, *see* slip op. at 8 n.4, neither does it preclude an appellate court from considering the merits of an appeal if it determines the severance was improper, *see Pierce*, 329 S.W.2d at 79-80 (considering merits of trial court's summary-judgment ruling).

I would proceed as our sister court in Waco did when it considered the merits of the other issues on appeal in a case involving a trial court's judgment that granted one party's summary-judgment motion and severed another party's compulsory counterclaim into a new cause.  *See Rucker v. Bank One Tex., N.A.*, 36 S.W.3d 649, 652-53 (Tex. App.—Waco 2000, pet.

5

denied).  The Tenth Court of Appeals agreed with those courts of appeals that conclude that error in granting a severance does not divest a court of appeals of jurisdiction, and it concluded, "This judgment was final."  *Id.* at 652.  It further held,

> We have the duty to review all aspects of a final judgment.  Thus, we hold that our finding of an improper severance does not deprive us of jurisdiction.  An improper severance is trial court error, and our determination of error does not prevent us from considering the remaining issues on appeal.

*Id.*  It then proceeded to consider the other issues on appeal even after determining that the severance constituted an abuse of discretion.[2]

        I also disagree with the Court's conclusion that it is more efficient for the parties and the court system to abate the appeal for the trial court to render judgment now on the attorneys' fees claim, especially when the parties assert they have reached a stipulated resolution of that issue.  *See* slip op. at 8.  In my view, as with any other appeal from a final summary judgment, even knowing that we will ultimately reverse and remand on the wrongfully severed attorneys' fees issue, we should review the merits that have been presented to us on appeal.  *See* Tex. R. App. P. 43.2(a), (c), (d) (allowing courts of appeals to affirm trial court's judgment in whole or in part, reverse and render in part, and reverse and remand in part); *id.* R. 43.3(a) (when reversing trial

---

[2] However, the Tenth Court vacated the severance order, reversed the summary judgment, and remanded the cause for further proceedings consistent with the order. *See Rucker v. Bank One Tex., N.A.*, 36 S.W.3d 649, 654 (Tex. App.—Waco 2000, pet. denied).  In my view, under Texas Rule of Appellate Procedure 43.2(e), if a court vacates a judgment, it must dismiss the case. Instead, I would reverse the severance order but only after considering the other issues raised in the appeal. *Cf., e.g., Nicor Expl. Co. v. Florida Gas Transmission Co.*, 911 S.W.2d 479, 483 (Tex. App.—Corpus Christi–Edinburg 1995, writ denied) (holding that "[i]mproper severance is trial court error, but it does not prevent us from considering the case on appeal.  Accordingly, if the severance constitutes reversible error, we should reverse and remand, not dismiss for want of jurisdiction," but declining to consider other issues raised on appeal).

6

court's judgment, courts of appeals must render judgment trial court should have rendered, except when remand is necessary for further proceedings). Accordingly, I would consider the merits of the summary-judgment claims upon which the probate court rendered its final summary judgment before reversing and remanding the improperly severed attorneys' fees claim.

Therefore, I dissent from the Court's conclusion that the proper procedure here is reversing the trial court's severance order—without remanding the case or otherwise rendering judgment—and abating the appeal to allow the parties to obtain another "final judgment" from the probate court.

_____

Gisela D. Triana, Justice

Concurring and Dissenting Opinion by Justice Triana; Joined by Justice Kelly

Filed: August 12, 2022